[No. 4293. Decided June 24, 1902.]

THE STATE OF WASHINGTON *on the Relation of W. F. Richardson v.* SUPERIOR COURT OF KING COUNTY, *Boyd J. Tallman,* Judge.

WILLS — REVOCATION OF PROBATE — APPEAL BY EXECUTOR — STAY OF PROCEEDINGS.

On an appeal from a judgment annulling a will a supersedeas bond is unnecessary for the purpose of staying proceedings pending appeal, since the costs and expenses of the proceedings are payable out of the property of the deceased, under Bal. Code, § 6116.

SAME — EFFECT ON EXECUTOR'S POWERS.

On appeal by an executor from an order revoking the probate of a will and his appointment as executor, his general powers are not thereby revived, but the effect thereof would be merely to continue him as executor for the purposes of the appeal only.

SAME — CERTIORARI — REMEDY BY APPEAL.

One who has been appointed executor under a will whose probate is afterward revoked, has a remedy by appeal from an order made in a subsequent application for the appointment of a general administrator of the estate, though the application was *ex parte*, since it is in effect an order made after judgment which affects a substantial right of such executor, and hence certiorari would not lie for the purpose of reviewing the action of the court in appointing such general administrator.

SAME — ORDERS IN AID OF APPELLATE JURISDICTION.

On denying an application for certiorari to review the wrongful action of the superior court in appointing a general, instead of a special, administrator pending an appeal, the supreme court has jurisdiction to direct that the functions of such administrator be restricted merely to the preservation of the estate pending the appeal.

*Original Application for Certiorari.*

*Edward Holton James,* for relator.

The opinion of the court was delivered by

HADLEY, J.—This is an original application in this court for a writ of certiorari directed to the superior court of King County and the Hon. Boyd J. Tallman, one of the judges thereof. The application shows that on the 14th day of April, 1901, one Charlotte B. Richardson died testate, leaving an estate of real and personal property in said King county; that on the 15th day of April, 1901, there was presented to said superior court the last will and testament of the deceased, as executed by her on the 24th day of June, 1897, and on said 15th day of April said superior court made an order admitting said will to probate, and appointing relator executor of the estate in accordance

with the terms of said will; that thereafter relator gave a bond, which was approved by the court, and thereupon letters testamentary were issued to relator; that thereafter one Emeline Moore filed a petition in said court, alleging that said deceased was not of sound mind at the time of executing the will aforesaid, and praying to have the same set aside; that a contest was thereupon had concerning the competency of the deceased to make said will, and upon a trial of the issues raised by said contest the court determined that said deceased was not of sound and disposing mind at the time of executing said will, and that the same was null and void, to which effect judgment was entered February 19, 1902; that after the entry of said judgment, but before the time allowed by law for appealing therefrom had expired, said Emeline Moore presented to the Hon. Boyd J. Tallman, sitting as judge, a paper writing purporting to be a will of said deceased, made by her on the 31st day of October, 1892, and upon the petition of said Emeline Moore the said paper writing was on the 3d day of March, 1902, by order of the said judge, admitted to probate as the last will and testament of the deceased; that, on the 8th day of March following, one Frank R. Atkins filed a petition praying that letters testamentary with the will annexed might issue to him, and that he might administer upon said estate under the terms of said alleged will last admitted to probate; that, after said proceedings were had, relator gave notice that he appealed to this court from the aforesaid judgment annulling the will first admitted to probate, and on the same day filed an appeal bond in the sum of $200, and that said appeal is still pending and in full force; that thereafter, on the 8th day of April, 1902, the petition of said Frank R. Atkins came on to be heard before the said

judge, and at said time relator appeared, and by petition prayed the court to set aside or suspend its order of March 3d admitting to probate the alleged will dated October 31, 1892, and to suspend all further proceedings, other than appointing a special administrator, until the appeal to this court could be heard or determined; that relator's said petition was denied by said judge, and thereupon a decree was entered appointing said Atkins general administrator, with the will annexed, of the estate of said deceased, and letters of administration, with the said alleged will annexed, were issued to said Atkins, and he is now administering upon said estate; that unless a writ of *certiorari* shall issue herein, the estate of said deceased will be distributed long before said appeal can be heard and determined.

It is thus sought by relator to review the action of the superior court in admitting to probate the will of 1892, and in appointing said Atkins administrator with said will annexed. Relator urges that, by his appeal from the judgment annulling the will under which he was appointed executor, all further proceedings were stayed. Respondent contends that further proceedings were not stayed in the absence of a supersedeas bond. It is doubtful if the supersedeas bond would serve any purpose in such a case. Relator having been appointed executor of a will which had been admitted to probate, his right to defend the validity thereof, even to the extent of an appeal, cannot be seriously disputed. Provision is made by statute that the estate itself shall pay the costs and expenses resulting from a will contest. Section 6116, Bal. Code, is as follows:

"The fees and expenses shall be paid by the losing party. If the probate be revoked or the will annulled,

the party who shall have resisted such revocation shall pay the costs and expenses of proceedings out of the property of the deceased."

It thus appears that, even if relator should not prevail upon his appeal, the costs and expenses must be paid by the estate itself. Relator has appealed in his representative, and not in his individual, capacity; and no individual liability can arise, for the reason that he is acting in behalf of the will, which was once admitted to probate, and also in behalf of those claiming under it. It becomes the duty of an executor under such circumstances to defend against an attack upon the will which he represents, and the legislature has properly provided that the expense thereof shall be paid from the estate itself. Should an executor give a cost bond on appeal in such a case, a personal liability does not arise thereon, since the estate must pay the costs. If the estate must pay the costs of proceedings, it is difficult to see how damages in favor of the estate may be predicated, which could be secured by a so-called supersedeas bond. Such a bond would be, in effect, given to the estate, but to be paid by the estate itself. We therefore think the absence of a supersedeas bond does not affect the rights of the parties pending appeal in such a case. To what extent, then, are further proceedings stayed by the appeal, if at all? Does the appeal have the effect to authorize relator to continue acting for all purposes as executor, notwithstanding the judgment entered by the court? We think not. The appeal has the effect to continue him as executor for the purposes of the appeal, but it does not revive all his general powers as executor, since the judgment of the court is expressly to the effect that such powers no longer exist. If the appeal should have the effect to restore all the general powers of executor, then the relator by his

own volition, through his appeal, could re-create himself executor, with full power to settle and distribute the estate in defiance of the judgment of the court. We think the correct rule was announced in *Estate of Crozier,* 65 Cal. 332, 334 (4 Pac. 109). The court says:

"The Code provides for an appeal from the order of revocation, and therefore the statute keeps alive, *ad interim,* appellant's character as executor for the purposes of the appeal; but in all other respects the powers and functions of the former executor are suspended when the revocation is ended. (§ 1331). If his powers can be fully revived by an appeal, he can not only control the orders of the lower court, but, of his own volition, re-create himself an executor."

It was held in the above case that, inasmuch as the appeal did not revive the power of the executor, the court had power to appoint a special administrator to take charge of the estate pending the determination of the appeal. The case of *In re Moore's Estate,* 86 Cal. 72 (24 Pac. 846), is to the same effect, and, furthermore, intimates that, while it is within the power of the court to appoint a special administrator during the period of suspension by appeal, yet it has not power to appoint a general administrator during such period. In harmony with the California rule, relator here asked the superior court to appoint a special administrator to act pending the appeal; and it is urged as proper matter for review by *certiorari* here that the court appointed a general administrator, with the last probated will annexed, with full power to proceed to final settlement and distribution of the estate, notwithstanding relator's appeal. It is insisted by relator that he has no appeal from the order appointing the general administrator, for the reason that the order was made in an *ex parte* proceeding to which he was not a party, and that it is not an appealable order.

It is urged that the order was not made in the original proceeding wherein the judgment appealed from was entered, but in a separate and independent proceeding, and that it was not, for that reason, an "order made after judgment which affects a substantial right." While the order may have been entered in a so-called separate proceeding from the other, yet it related to the same subject-matter, viz., the estate of the deceased, and was in effect an order made after judgment which affected a substantial right of relator, since it authorized a distribution of the estate notwithstanding the appeal. While the proceedings may have been separately docketed, yet they should be considered as one, having in view the one end, viz., the settlement and distribution of the estate of the deceased. While relator may not have been formally made a party to the later proceeding, yet by his own volition he became such through his petition resisting the appointment of the general, and asking the appointment of a special administrator. Treated as a separate and independent proceeding, he therefore bore such a relation to it as we believe would have entitled him to an appeal, and considering all orders as made in one proceeding, though he was not formally notified in the first instance of the later application, yet he had such actual notice and knowledge of the later order as one affecting a substantial right after judgment, by reason of his pending appeal, as we believe cast upon him the duty of appealing if he desired to review the action of the court in appointing the general administrator.

Our conclusion, therefore, is that the action of the court is not reviewable here by *certiorari*, and the writ is denied for the purpose of reviewing that matter. But while we may not review that matter here to the extent

of determining whether· a general administrator should or should not have been appointed, yet it is made to appear that there is a possibility that the estate may be distributed by the general administrator before the appeal can be determined; thereby dissipating the fruits of the appeal, should the relator prevail therein. This, we think, should not be permitted by the court below. The status of the parties litigant should be preserved so as to prevent the fruits of the litigation from being lost pending the appeal, and, when it becomes necessary in aid of the appellate jurisdiction of this court, proper orders or writs will be issued to secure that end. *State ex rel. Smith v. Superior Court,* 26 Wash. 278 (66 Pac. 385).

We therefore decline to review the appointment of the general administrator, or to interfere with his custody of the estate, but it is ordered that the lower court shall direct him not to make distribution of the estate pending the aforesaid appeal. His functions will thus, for the time being, serve all the purposes of a special administrator, and preserve the estate for those who shall in the end be found entitled to it.

REAVIS, C. J., and FULLERTON, WHITE, MOUNT and DUNBAR, JJ., concur.

ANDERS, J., concurs in the result.