[No. 4716. Decided September 19, 1903.]

THE STATE OF WASHINGTON *on the Relation of Otis Sprague* v. SUPERIOR COURT OF PIERCE COUNTY *et al.*

CERTIORARI — REVIEW OF APPEALABLE ORDER.

Although an order fixing the amount of a supersedeas bond upon an appeal from an order quashing an execution may be appealable, yet the action of the lower court may be examined and corrected by writ of review, where it appears that the remedy by appeal would be manifestly inadequate by reason of a threatened sale under the execution.

SAME — QUESTIONS REVIEWABLE.

The fact that an execution was quashed 1 ecause the court was of opinion that the judgment upon which it was founded was void would not be considered on the hearing of an application for a writ of review of the court's action, as the validity of the judgment is a matter properly reviewable only by appeal.

APPEAL — SUPERSEDEAS — AMOUNT OF BOND.

Where an appeal in an action is not prosecuted from a final judgment for the recovery of money, but from a final order made after judgment, the superior court has power to fix the amount of the supersedeas bond in a sum less than double the amount involved in the original controversy.

SAME — SELF-EXECUTING ORDER — EFFECT OF SUPERSEDEAS.

An order quashing an execution is self-executing, and is not subject to stay of proceedings on appeal therefrom.

*Original Application for Writ of Review.*

*E. R. York,* for petitioner.

*John A. Parker* and *John C. Stallcup,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—On January 24, 1894, the Tacoma National Bank recovered a judgment against Otis Sprague, C. Van Horne, and R. W. Derickson, in the superior court of Pierce county, for the sum of $4,730 and costs of suit. Thereafter that judgment was assigned to one Christian Anderson. On January 19, 1899, the said judgment was, on motion of said Anderson, revived by said court as against said defendant Sprague for the sum of $6,151.40 including accrued interest and costs, with leave to issue execution thereon. Thereafter, on April 18, 1903, said judgment remaining unsatisfied, an execution was issued at the instance of Anderson, by virtue of which the said sheriff levied upon, and advertised for sale, certain real property in Pierce county. Subsequently, and on April 20, 1903, the petitioner, Otis Sprague, moved to quash and set aside said execution, and to stay and suspend all further proceedings thereon, which motion was granted by the court on May 6, 1903, and all further proceedings upon the writ suspended. On the last-named day a copy of the court's said order was served on the said sheriff. On the following day the said Anderson filed and served a notice of appeal to the supreme court from said order quashing said writ of execution and staying further proceedings thereon, and also an appeal bond. The said Anderson then applied to said court, and to W. O. Chapman, as judge thereof, for an order fixing the amount of a bond to be given by him on his appeal from the order of May 6, 1903, for superseding said order, and the said judge of said court, over the objection of said Otis Sprague, made and caused to be entered an order fixing the sum of $500 as the amount of such bond. The petitioner, Otis Sprague, thereupon applied to this court

for a writ of certiorari to review the action of said court and the said judge in fixing the amount of said so-called supersedeas bond, alleging in his affidavit for the writ that the said court and the said judge, in making said order, exceeded their jurisdiction, and that "the said order and the making thereof was and is in excess of the jurisdiction of said court and of said judge thereof." He further alleges in his affidavit that the said Christian Anderson has instructed the sheriff to proceed under said writ of execution to sell, and pursuant thereto the said sheriff will proceed to sell, the real property levied upon, before a hearing can be had and a decision obtained upon the appeal of said Anderson, unless the respondents herein are ordered by this court to desist from further proceeding under said writ of execution, pending the decision of this court. The application was granted, and the writ of review issued, and a transcript of the record of the superior court pertaining to the order quashing the said writ of execution, and the order fixing the amount of the said supersedeas bond has been sent up to this court duly certified.

Our statutes provide (Bal. Code, § 5741) that a writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not in the course of the common law, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy at law; and that an appeal may be taken "from any final order made after judgment, which affects a substantial right." Laws 1901, p. 29; Bal. Code, § 6500, subd. 7.

And the learned counsel for the respondents contend that under the above-mentioned provisions of the statute the petitioner is not entitled to a writ of review, and therefore move to dismiss this proceeding on the ground that the order fixing the amount of the supersedeas bond is a final and an appealable one, and, consequently, reviewable only by appeal; and they argue that if the order affects a substantial right of petitioner, he is entitled to appeal therefrom, and is not entitled to the writ of review, and, if no substantial right of petitioner is affected by the order, he is not entitled to an appeal or to a writ of review. We think the order in question is appealable, but it does not necessarily follow that it may not be reviewed except by direct appeal. It is, as we have seen, alleged in the petition, and not controverted by the respondents, that the sheriff will proceed to sell the property levied upon under the writ of execution before a hearing can be had and a decision obtained upon the appeal from the order quashing the execution, unless the respondents are ordered to desist from further proceedings under the writ of execution. And it thus appears that the remedy by appeal would be manifestly inadequate, and in such cases we have repeatedly held that this court has jurisdiction by writ of review to examine and correct the orders and judgments of the lower courts: *State ex rel. Meredith v. Tallman,* 24 Wash. 426 (64 Pac. 759); *State ex rel. Cann v. Moore,* 23 Wash. 276 (62 Pac. 769). The motion to dismiss must be denied.

It is asserted by counsel for the respondents that the court below quashed the execution because the judge was of the opinion—and so stated—that the judgment on which it was issued was void; and they insist that, if this pro-

ceeding is sustained, this court should first consider whether the court erred in making the prior order declaring the judgment and execution void. But it is sufficient to observe, in answer to that proposition, that that question is directly involved in Anderson's appeal from that order, and therefore cannot properly be considered in this extraordinary proceeding. The merits of the appeal can be determined only in the manner prescribed by law.

The real questions to be determined in this instance are (1) whether the lower court exceeded its jurisdiction in fixing the amount of the supersedeas bond on appeal from its order, and (2) the effect of such bond upon the order or judgment from which the appeal was taken. Our statute provides that, in order to effect a stay of proceedings, the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment, and in other cases shall be in such penalty, not less than $200, and sufficient to save the respondent harmless from damages by reason of the appeal, as a judge of the superior court shall prescribe. Bal. Code, § 6506. This court has heretofore held, under this statute, that a superior court is without jurisdiction to fix the amount of a bond to stay proceedings on a judgment for the recovery of money in a sum other than that required by law, and that certiorari is a proper remedy for the review of the action of the court in such cases. *State ex rel. Bridge Co. v. Superior Court,* 11 Wash. 366 (39 Pac. 644). And the learned counsel for the petitioner insists that the lower court exceeded its jurisdiction in this case in fixing the amount of a stay bond in a sum less than double the amount of the judgment and costs, as required by the statute. But, inasmuch as the appeal was not pros-

ecuted from a final judgment for the recovery of money, but from a final order made after judgment, it would seem that the doctrine invoked on behalf of petitioner is not applicable to the facts disclosed by the record. *Kreling v. Kreling,* 116 Cal. 458 (48 Pac. 383). This is simply one of the "other cases" mentioned in the statute in which the judge is empowered to "prescribe" the penalty in the bond to stay proceedings and to save the respondent harmless from damages by reason of the appeal; and we think the court did not exceed its jurisdiction in *fixing the amount of the bond.*

And this brings us to the consideration of the character of the judgment appealed from, and of the effect thereon of the supersedeas bond. As the order quashing the execution requires no process or further action of the court for its enforcement, it is clearly self-executing, and there is, therefore, nothing on which the supersedeas bond in question can operate, except an execution for costs. The effect of such a bond is simply to stay proceedings on the judgment or order appealed from. It does not destroy or vacate the judgment. The ordinary conditions of a stay or supersedeas bond in this state are "that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court" (Bal. Code, § 6506), and such bond is, therefore, intended to secure to the opposite party the fruits of any judgment that may be finally rendered in his favor. To adjudge that the bond under consideration has the effect contended for by the respondents herein would, in effect, be to declare that an appellant may, by his own volition, nullify the judgment or order from which he has ap-

pealed before a hearing is had in due course of law upon the merits of the appeal. And that no such effect can be given to a supersedeas bond under our statute has been many times decided by this court. See *Fawcett v. Superior Court,* 15 Wash. 342 (46 Pac. 389, 55 Am. St. Rep. 894); *State ex rel. Power Co. v. Stallcup,* 15 Wash. 263 (46 Pac. 251); *State ex rel. Richardson v. Superior Court,* 28 Wash. 677 (69 Pac. 375); *State ex rel. Byers v. Superior Court,* 28 Wash. 403 (68 Pac. 865). See, also, 20 Enc. Pl. & Pr., pp. 1240, 1244, and *Walls v. Palmer,* 64 Ind. 493.

Our conclusion is that all proceedings in the lower court should be suspended pending the appeal, and it is therefore ordered and adjudged that the said superior court of Pierce county and the said sheriff, J. N. Denholm, desist and refrain from any further proceedings looking to a sale of property under said execution, until the determination of the appeal of the said Christian Anderson.

FULLERTON, C. J., and HADLEY, MOUNT and DUNBAR, JJ., concur.