[No. 10404.   Department Two.   May 23, 1912.]

## W. T. YOUNGER, *Respondent*, v. UNION COOPERAGE COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—SAFE PLACE TO WORK—EVIDENCE—SUFFICIENCY. The negligence of the master in maintaining a defective blow-off pipe is for the jury, where there was evidence that, by reason of the settling of the boilers and the length of heavy pipe hanging on it for support, there was too heavy a strain placed upon it, and that it was not protected from the heat, which had a tendency to weaken it.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered November 25, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a fireman employed in a boiler room. Affirmed.

*Bridges & Bruener*, for appellant.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*, for respondent.

MORRIS, J.—Respondent was a fireman in the employ of appellant, and brings this action to recover damages for personal injuries sustained through a fall while attempting

[1]Reported in 123 Pac. 772.

to escape from the boiler room after an explosion caused by the bursting of a blow-off pipe elbow.

The appeal presents but one question—the insufficiency of the evidence to justify the verdict, raised upon a motion for nonsuit at the close of respondent's case, a challenge to the sufficiency of the evidence, and motion for a directed verdict at the conclusion of the evidence, and upon motion for a new trial. It is difficult for an appellate court to discuss such assignments without unduly extending opinions through the quotation of testimony, and thus showing from the quotations of evidence in what particular respects the evidence is lacking, or in what respects it is sufficient to properly submit the issue to the jury. Such a course generally but adds to the burden of the court without being of any real assistance to the parties or to others engaged in like litigation, other than the satisfying of a natural desire upon the part of counsel in the case to know the evidence, or lack of it, upon which the court has reached its conclusion. About the only thing we can do and keep abreast of the work piling up on this court is to carefully read the record, and upon such reading give our conclusion as to whether the assignment of error is or is not well taken.

There are two charges of negligence: (1) That appellant placed and maintained in its boiler a weak and defective blow-off pipe; (2) that appellant failed to brick up around the blow-off pipe, thus causing the pipe to be exposed to the heat and flame of the fire. Upon the first charge, there was no evidence that the elbow was originally defective. There was evidence from which it could have been found that the elbow became defective after its installation, because of the length of heavy pipe hanging on it for support, the settling of the boilers, and the pipe—instead of having free access as it came through the wall—coming in contact with the wall; causing too heavy a strain upon the pipe and a tendency, with the weight on the elbow and the pressure

16—68 WASH.

from behind, "to snap it off" as one of the witnesses puts it; or, as stated in another answer, "it would be apt to let go." This would be evidence to sustain an allegation of defective maintenance, as charged in the first claim of negligence.

Upon the second charge of negligence, there was some evidence that a brick protection around the elbow would be of value in protecting it against the heat and flame, and that the failure to so protect this elbow weakened it and made it more susceptible to bursting or breaking. The trial judge, in ruling upon the motion for a nonsuit, said: "There is some evidence to go to the jury." We are of the same opinion. It is not a strong case, but we cannot say the court below was in error in making the rulings now challenged by appellant, and hold there was no evidence to justify the verdict.

The judgment is therefore affirmed.

DUNBAR, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.