[No. 13934.  Department One.  March 7, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Davis & Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *King Dykeman, Judge, Respondent.*[1]

APPEAL—SUPERSEDEAS — TEMPORARY INJUNCTION — INSOLVENCY—JURISDICTION TO MAINTAIN STATUS QUO. Where a temporary injunction against soliciting plaintiff's customers and permanently injuring its business was dissolved and the defendants are all insolvent and appellant may lose the fruits of the litigation pending appeal, the supreme court, in aid of its appellate jurisdiction, has power to provide such relief as equity and good conscience requires, and will maintain the *status quo* by issuing an order of supersedeas, continuing the injunction *pendente lite* or until the further order of the court.

Certiorari to review an order of the superior court for King county, Dykeman, J., entered December 22, 1916, dissolving a temporary injunction and denying a supersedeas pending appeal. Reversed.

*Carkeek & McDonald,* for relator.

*William A. Greene* and *Kerr & McCord,* for respondent.

[1]Reported in 163 Pac. 765.

Morris, J.—In December, 1916, the relator commenced an action against Vincent D. Miller, Vincent D. Miller, Incorporated, and F. K. Struve, seeking injunctive relief against defendants soliciting business from customers or clients of relator, or making use against relator of any confidential information gained while the defendants other than the corporation were connected with the relator. Joined to this relief was a demand for damages relator might sustain by reason of the acts complained of. A temporary restraining order issued in aid of the complaint and, upon the return day, the matter was heard upon numerous affidavits. The lower court denied a temporary injunction and refused to make any finding other than is hereafter referred to. Relator thereupon came to this court suing out a writ of review, in which we are asked to (1) review the action of the lower court upon the ground that no appeal will lie because of the failure of the lower court to make a finding of insolvency; (2) to review the issue of insolvency; (3) order a supersedeas to issue pending the trial upon the merits.

The facts, in so far as we find them material to the questions here submitted, are these: The relator is, and for many years has been, doing business in Seattle as a loan, rental, real estate and insurance agency. One of the main features of its business, in which it has built up a large and profitable clientele, is the care and management of properties and the rental and management of business blocks, apartments, dwellings and other like properties. Vincent D. Miller first became connected with relator in 1900, and has served it in various capacities since that time, save for a brief interval. For some time prior to severing his connection with relator, he acted as its general manager and stood in a confidential relation to John Davis, the head of the concern. While there was some attempt to make an issue of the particular position Miller occupied in the office of the relator, there can be no dispute that, for a number of years past, his relations with the relator and its managing head were close

and confidential, and that, because of such relation, he was at all times familiar with all the details of the business transacted by relator. On November 15, 1916, Miller resigned his position with the relator, taking with him two of its employees, Barker and Zimmerman, who like Miller, but to a less extent, were possessed of much knowledge of relator's business. It is alleged in the complaint that these three, together with Struve, conspired together to organize a business of like character, and by making use of the knowledge and information possessed by them, to undermine and destroy the business of relator and take the same over to the like business to be by them organized and conducted, and that, in following out this purpose, many of the clients of the relator had been solicited to take their business away from relator and place it with the new company.

On November 22, 1916, Miller and his wife entered into voluntary bankruptcy, and, on the next day, Vincent D. Miller, Incorporated, was organized with a capital stock of one hundred shares of the par value of $100 each. Miller, Barker and Zimmerman each subscribed for one share of this stock, and the balance was subscribed for by the wife of Miller. The complaint further alleges that, following out the intention of Miller, Barker and Zimmerman at the time they ceased their connection with relator, the new corporation at once entered upon a systematic campaign among the customers and clients of the relator, by personal solicitation, letters and telegrams, seeking to influence the persons addressed to transfer their business from the relator to the new company, and that, to a large extent, such efforts have been successful. In this connection it is shown that, within the first ten days after the organization of the new company, ten per cent of the rental business of the relator was taken over by the new company, some of it going voluntarily and some as the result of the solicitation of Miller. We shall not review the order made below in denying injunctive relief, as it is doubtful whether, under our previous holdings, relator is

entitled to such review. The record before us, however, convinces us that relator is entitled to some relief and we are, in view of this fact, not disposed to quarrel over its form or nature. This court, in aid of its appellate jurisdiction, or in the exercise of its original jurisdiction, possesses all inherent power of courts of equity, and when it is made to appear that a party is being denied relief to which in equity and good conscience he is entitled, it is the duty of this court to find some method within its jurisdiction by which such relief may be granted. *State ex rel. Barnard v. Board of Education of Seattle*, 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317; *Campbell Lumber Co. v. Deep River Logging Co.*, 68 Wash. 431, 123 Pac. 596. While this court will not attempt to control the discretionary powers of the lower court in passing upon questions submitted to it in the course of the proceeding below, this court can, and will, act in aid of its appellate jurisdiction when it is satisfied that such discretion has not been properly exercised and that justice and the peculiar equities of the situation demand it. *Cooper v. Hindley*, 70 Wash. 331, 126 Pac. 916. We are, therefore, constrained to grant the second and third relief prayed for by relator.

Upon the question of insolvency of Vincent D. Miller and Vincent D. Miller, Incorporated, we entertain no doubt. Vincent D. Miller and his wife, who subscribed to ninety-eight shares of the capital stock of Vincent D. Miller, Incorporated, were confessedly insolvent. Only a day previous they passed through the bankruptcy court as without assets. Before doing so, Vincent D. Miller obtained $100 from Struve to pay his small bills about town. The corporation was organized on credit, and Struve stood good for the payment of bills contracted in supplying it with office furniture and supplies, and, in addition, guaranteed Miller's credit to the extent of $5,000 at a Seattle bank. Barker and Zimmerman had nothing. The only assets this corporation had were unpaid subscriptions to its capital stock by persons who, at the

time of such subscriptions, were unquestionably insolvent. In so far as there is any proof at all, we entertain no more doubt than the lower court when, upon being asked to make a finding of insolvency, he remarked: "I do not doubt they are all insolvent." The following day, however, the lower court first refused to pass upon the question of solvency, but upon being pressed, said: "I will make no findings upon the solvency of Vincent D. Miller, but will find that Vincent D. Miller, Incorporated, is insolvent." It seems to us that the lower court should have passed upon the question of the solvency of Vincent D. Miller, in view of the effect of such a finding on relator's right to appeal, and that we have referred to enough of the showing below to indicate that such a finding should have been one of insolvency.

Upon the third question, it is apparent that, unless relator is now granted some form of supersedeas, whatever may be the extent of its victory upon final hearing below, or in this court in case of appeal, such victory will avail it naught. If, pending further proceedings below, these defendants be permitted to solicit clients of relator to withdraw from relator and transfer to the new company, and it shall finally be held by the lower court, or by this court in case of appeal, that the law will not permit this to be done, upon which question be it understood we now express no opinion, as the merits of this controversy are not now before us, then relator will have been deprived of a valuable business with no adequate remedy; for while it is stated by counsel for respondent that F. K. Struve, one of the defendants below, is able to respond in damages, there is no showing now, whatever relator may be able to show when a trial is had upon the merits, that Struve has done any act which would subject him to any injunctive relief in relator's favor. It is, therefore, to our mind, equitable that the *status quo* of the parties be preserved, for, "If," as we said in *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385, "by waiting the result of an appeal the fruits of the litigation would be lost, then the remedy by ap-

peal cannot be considered as an adequate remedy." This court has uniformly held that, when it is made to appear that the remedy by appeal would be inadequate, we may examine and correct the errors in the lower court's judgment. *State ex rel. Meredith v. Tallman*, 24 Wash. 426, 64 Pac. 759; *State ex rel. Sprague v. Superior Court*, 32 Wash. 693, 73 Pac. 779; *State ex rel. Royse v. Superior Court*, 46 Wash. 616, 91 Pac. 4, 123 Am. St. 948, 12 L. R. A. (N. S.) 1010. This case appeals for the announcement of such a rule, as, since the main purpose of relator's suit below was to enjoin the continuance of the acts complained of, to deny any such relief pending a final hearing and appeal, in case such be had, is to leave it without remedy, and to all intents and purposes is a final adjudication so far as such relief is concerned. It is plain, therefore, that such a course of procedure is inadequate to preserve any rights relator may be held to have in the premises, unless those rights are preserved *pendente lite*. To that end, the order of supersedeas issued from this court on the 29th day of December, 1916, will be continued in full force until such time as this court shall further order.

ELLIS, C. J., WEBSTER, MAIN, and CHADWICK, JJ., concur.