[No. 17163.  Department One.  April 21, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Jessie S. Marshall, Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY *et al., Respondents.*[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL. Certiorari lies to review an order denying a temporary injunction to restrain the destruction of a building by the fire chief, since the remedy by appeal is inadequate because the building would be destroyed before an appeal would be heard.

APPEAL (380)—REVIEW—ON APPEALS FROM SPECIFIC ORDERS. An appeal from an order denying a temporary injunction brings up for review the court's refusal to make a finding of insolvency.

INJUNCTION (8)—GROUNDS FOR RELIEF—INSOLVENCY OF DEFENDANT. In an action for an injunction to restrain the demolishing of a building by a city building inspector and fire chief, who were married and possessed of no separate property, the plaintiff is entitled to a finding that defendants were insolvent, in view of the grave doubt as to liability of their community estates for the acts about to be committed.

SAME (55, 56)—RIGHT TO TEMPORARY INJUNCTION—IRREPARABLE INJURY. Plaintiff is entitled to a temporary injunction against the threatened destruction of a wooden building in the fire limits, on account of its gradual deterioration through age, where there was no emergency or sudden casualty such as a fire, in view of the insolvency of the officers and the debatable nature of the liability of the city for their acts; and in view of the irreparable nature of the injury and the slight injury or inconvenience from temporarily delaying the destruction until the final disposition of the case.

Certiorari to review an order of the superior court for Snohomish county, Alston, J., entered March 22, 1922, denying a temporary injunction.  Reversed.

*Lloyd L. Black* and *John Sandidge,* for plaintiff.

*R. J. Faussett* and *J. W. Dootson,* for respondents.

PARKER, C. J.—The relator, Jessie S. Marshall, seeks by this certiorari proceeding a review and reversal of

[1]Reported in 206 Pac. 362.

an order of the superior court for Snohomish county refusing to award her a temporary injunction. Review of the order is so sought because, as it is claimed, there is no other adequate remedy available to her; in that the superior court erroneously refused to make a finding of insolvency of the parties against whom a temporary injunction is sought, thus depriving her of the right of appeal from the order, under subd. 3 of § 1716, Rem. Code (P. C. § 7290), until such finding be made; and in that, even though such finding be made so as to render the order appealable, her threatened property rights will be so completely invaded before final disposition of an appeal in due course as to render the fruits of her litigation of no avail to her. The answer and return made in response to the writ issued by this court is quite full and complete, consisting of all the records and files of the injunction suit in the superior court, including all of the evidence introduced therein up to the time of the making of the order here sought to be reviewed. The facts may be summarized as follows:

On March 8, 1922, relator commenced in the superior court for Snohomish county her suit seeking an injunction restraining the city of Everett, N. E. Butts, its building inspector, and W. A. Taro, chief of its fire department, from proceeding to destroy her certain wooden store building, situated, we assume for present purposes, within the fire limits of the city. A temporary restraining order was on that day issued in the action, *ex parte,* restraining the defendants from proceeding with their threatened destruction of the building, pending relator's application for a temporary injunction to further restrain the destruction of the building until the whole case could be finally disposed of. The application came on regularly for hearing on March 22, 1922, when, upon the record and files, and

the evidence then introduced in the form of numerous affidavits, the court refused to award a temporary injunction pending the final disposition of the case. Thereupon counsel for relator requested the court to find

"(1) The above named defendants, N. E. Butts and W. A. Taro and each of them are married and that neither of them have any property or income which is not community.

"(2) The above named defendants, N. E. Butts and W. A. Taro and each of them are insolvent in the respective capacities in which this action is brought."

This request was by the court refused, the court making no findings whatever upon the subject of insolvency. This disposition of the application for a temporary injunction resulted in the rendering of the temporary restraining order no longer in force. Thereupon this certiorari proceeding was commenced, and relator's claimed rights were held in *statu quo* by an appropriate order of this court in connection with the issuance of the writ, which brings the order refusing the temporary injunction here for review.

The threatened destruction of the building is sought to be justified by the defendants Butts and Taro by virtue of their decision and notice given in pursuance thereof, under the provisions of an ordinance of the city of Everett reading in part as follows:

"No frame or wooden building within the Fire Limits that has become injured by wear and tear, or the action of the elements or fire shall be repaired when such injury is more than 30% of its actual value as decided by the Building Inspector and the Chief of the Fire Department, and upon notice from the Building Inspector such building shall be demolished within thirty days. . . " (Ordinance No. 1,260, § 171.)

On the hearing of the application for a temporary injunction, a number of affidavits were read—all of the

evidence consisting of affidavits—touching the condition of the building, more particularly the question of its decrease in value more than thirty per cent. These affidavits present a fairly debatable question as to whether or not the building has depreciated more than thirty per cent of its actual value. It seems plain that the depreciation of the value of the building, in any event, is not the result of fire or other sudden cause, but is only the result of age and want of keeping it in repair. So the defendants' threat of destruction of the building is not prompted by any urgent necessity in the sense of such·necessity being of a sudden creation. Touching the question of the insolvency of the defendants Butts and Taro, the only evidence introduced upon the hearing of the application for a temporary injunction was the following affidavit:

"J. H. Requa, being first duly sworn, upon his oath deposes and says; that I am over the age of twenty-one years and a resident of the city of Everett, Snohomish county, Washington; that the above named defendants, N. E. Butts and W. A. Taro, are each of them a married man and the head of a family; that affiant is informed and believes that neither of said defendants has any separate property or assets of any kind or nature and that the only property held or owned by either of said defendants is community property and as such not subject to execution upon judgment for tort."

It does not seem to be seriously contended that relator does not have the right to have the order refusing a temporary injunction reviewed and corrected, if erroneous, by this certiorari proceeding; if such order is reviewable at all in this court. Indeed, we think there would be no sound ground to rest such contention upon, in view of the fact that the threatened destruction of the building will almost surely be consummated before the final disposition of the case upon the merits in the

superior court; at least nothing but a temporary injunction, apart from the interference of this court, would prevent the defendants from carrying out their threat pending the disposition of the case upon the merits in the superior court. We therefore conclude that relator has a right to invoke this remedy for review of the order refusing a temporary injunction, since appeal would be an inadequate remedy, assuming that she has the right of appeal.

It is argued, however, that relator does not have the right of appeal, or other review, in this court, of the order refusing a temporary injunction, because the trial court did not find that the defendants Butts and Taro were insolvent; counsel for the defendants invoking the provisions of Rem. Code, § 1716, reading in part as follows:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or a judge thereof, in any action or proceeding. . . .

"(3) From an order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction: Provided, that no appeal shall be allowed from any order denying a motion for a temporary injunction, or vacating a temporary injunction unless the judge of the superior court shall have found upon the hearing, that the party against whom the injunction was sought was insolvent."

This argument, carried to its logical conclusion, would mean that a superior court's finding of solvency, or its refusal to find insolvency, upon its refusal of a temporary injunction, is entirely beyond review or correction by this court. That a superior court's action in that behalf is not beyond correction in this court, is, we think, settled by our decision in *State ex rel. Davis*

*& Co. v. Superior Court,* 95 Wash. 258, 163 Pac. 765, where there was drawn in question the refusal of the superior court to grant a temporary injunction and its refusal to make a finding of insolvency of the defendants. As stated in the opinion, relator asked this court

". . . to (1) review the action of the lower court upon the ground that no appeal will lie because of the failure of the lower court to make a finding of insolvency; (2) to review the issue of insolvency; (3) order a supersedeas to issue pending the trial upon the merits."

This court, arriving at the conclusion that relator was entitled to the relief sought, entered an order which had the effect of a temporary injunction of the superior court pending the disposition of the case upon the merits in that court.

Did the superior court erroneously refuse to award a temporary injunction and find Butts and Taro to be insolvent, in so far as their separate property is concerned? It seems probable, though we do not now finally so decide, that whatever damage Butts and Taro might render themselves liable for by a wrongful destruction of the building as threatened by them, would be a charge only upon whatever separate property they might possess, and not a charge upon any community property they might be interested in. The question of their insolvency, we think, becomes one of relator's ability to recover damages as against them which could be satisfied from their property subject to execution upon such a judgment. It at least being a seriously debatable question as to whether or not their community property would be rendered subject to the satisfaction of such damages, we think, for present purposes, we should regard the question of their insolvency as being one of whether or not they are insolvent having reference alone to the separate property

they may own.  Now the affidavit above quoted touching the question of the insolvency of Butts and Taro is positive and unqualified as to both of them being married, whatever we may say as to the information and belief of affiant that they possess no separate property.  In the text of 5 R. C. L. 844, the learned editors state the presumption of the nature of property arising from marriage, as follows:

"As a general rule, all property in the possession of either spouse during marriage, and all property in their possession at the dissolution of the community, is presumed to be community property until the contrary is shown."

This statement of the law seems to find support in the decisions, particularly in *Fennell v. Drinkhouse,* 131 Cal. 447, 63 Pac. 734, 82 Am. St. 361; and our own decisions in *Stewart v. Bank of Endicott,* 82 Wash. 106, 143 Pac. 458, and *Plath v. Mullins,* 87 Wash. 403, 151 Pac. 811, contain observations which lend support to the view that all property in the control and possession of either spouse is, in the absence of all evidence to the contrary, presumed to be community property.  We concede that it is not a very strong presumption and is one that may be easily overcome; but, in the case before us, we have absolutely nothing to overcome the force of the presumption arising from the undisputed marriage of Butts and Taro that they have no separate property, and that, therefore, they are insolvent as to their separate liabilities.  It seems to us that the trial judge fell into error in refusing to find that Butts and Taro were both insolvent as to their separate liabilities; and we think we are now warranted in making such finding ourselves and proceeding with the disposition of the question before us as though it had been so found by the trial court.

This brings us to the question of whether or not the

trial court erred in refusing a temporary injunction as prayed for, as that question could have been here upon appeal following such finding. We think, under the circumstances here shown, the court did so err. It seems plain to us that relator—being now in the absolute and undisturbed possession of her building, it not having deteriorated in value by reason of any fire or sudden happening, but merely as the result of age, and the city having no property rights involved herein which are going to be infringed upon or jeopardized in the least by holding relator's claimed property rights in *statu quo* pending the disposition of the injunction suit upon the merits—is entitled to a temporary injunction restraining the defendants from executing their threat of destruction of the building until the final disposition of the case by the superior court.

We have assumed, of course, that the city is not insolvent, and have not lost sight of the fact that it is one of the defendants in the injunction suit. It seems to us that, while that is true, the liability of the city in damages for the possible wrongful destruction of relator's building by Butts and Taro is a seriously debatable question, and that relator should not be put to the hazard of recovering damages from the city, in view of the debatable character of its liability, any more than relator should be put to the hazard of recovering damages chargeable to the community property of Butts and Taro.

We are, on the whole, much influenced in our disposition of this proceeding by the highly probable irreparable injury which would result to relator from the destruction of the building, if wrongfully destroyed; and also by the manifest slight injury or inconvenience which will result to the defendants if they be temporarily enjoined from destroying the building until the final disposition of the case by the superior court.

We conclude that the order of the superior court refusing a temporary injunction as prayed for should be reversed; that the case should now be regarded as having established therein the fact of the insolvency of the defendants Butts and Taro, as to their separate property; and that the ability of relator to recover and collect from the city, Butts and Taro damages for a wrongful destruction of the building is of such uncertain character that she should not be put to that hazard; and that a temporary injunction should issue, restraining the city, Butts and Taro from destroying the building until the final disposition of the case in the superior court. It is so ordered. The superior court is directed to award such a temporary injunction, exacting from relator an injunction bond in the sum of $500, with proper surety or sureties, as a condition to the issuance and keeping in force of such injunction, as was done by the superior court in the issuance of its temporary restraining order.

BRIDGES, FULLERTON, MITCHELL, and TOLMAN, JJ., concur.