[Nos. 17273, 17310.   Department One.   June 26, 1922.]

THE STATE OF WASHINGTON, *on the Relation of West Seattle Laundry Company, Plaintiff*, v. EVERETT SMITH, *as Judge of the Superior Court for King County, Respondent.*

THE STATE OF WASHINGTON, *on the Relation of West Seattle Laundry Company, Plaintiff*, v. AUSTIN E. GRIFFITHS, *as Judge of the Superior Court for King County, Respondent.*[1]

ABATEMENT AND REVIVAL (3)—PENDENCY OF OTHER ACTIONS. Where a prior suit to restrain a former employee of a laundry from soliciting trade was still pending between the same parties, it was not error to dismiss the last suit.

INJUNCTION (49)—PLEADING—COMPLAINT. In a suit to restrain a former employee of a laundry from soliciting trade, where the only question was the right to file an amended complaint and have a temporary restraining order until a hearing could be had, it is

[1]Reported in 208 Pac. 1.

error to deny the application, the complaint having stated a sufficient cause for an injunction.

CERTIORARI (6)—WHEN LIES—DENIAL OF TEMPORARY INJUNCTION —ADEQUACY OF REMEDY BY APPEAL.  Under Rem. Comp. Stat., § 1002, certiorari lies to review an order denying leave to file an amended complaint and apply for a temporary restraining order, in an action to restrain a former employee of a laundry from soliciting trade along a certain route, where the plaintiff would suffer irreparable damages through the loss of patronage, and the employee was insolvent.

Certiorari to review orders of the superior court for King county, Smith and Griffiths, JJ., entered April 20, 1922, May 12, 1922, denying temporary injunctions. Affirmed as to one order; reversed as to the other.

*Carkeek, McDonald, Harris & Coryell,* for relator.

*Rummens & Griffin (McClure & McClure,* of counsel), for respondent.

TOLMAN, J.—Relator simultaneously made application here for writs of review in both of the above entitled actions.

It appears that the relator is a corporation long engaged in the laundry business in the city of Seattle, and that among its principal assets is the good will of its customers situated upon its various established routes. One Graham entered its employ as a driver in 1916, was assigned to an established route known as route 4, and, at the time of such employment, entered into a written contract with relator, in and by which he covenanted that, for a period of six months after leaving relator's employ, if he should leave, he would refrain from soliciting trade from any of relator's customers, and would likewise refrain from soliciting trade from people living in the district covered by such route 4.

Graham left the service of relator on March 10, 1922, together with all of the other drivers employed by re-

lator, because relator objected to their being or be-
coming members of a labor union while in its employ.
Graham immediately sought and obtained employment
with a rival laundry company as driver, and at once
began the successful solicitation of the trade of re-
lator's customers whom he had formerly served, and
others in the territory covered by relator's route 4.
An action was brought against Graham and his new
employer, based upon the written contract, seeking to
enjoin both from inticing away relator's customers.
A temporary restraining and show cause order was
issued and a hearing had. The trial court reached
the conclusion that relator had wrongfully discharged
Graham, and was not, therefore, entitled to injunctive
relief. There was no allegation or proof of insolvency
on the part of either defendant, and therefore no right
of appeal from the order denying a temporary in-
junction. Relator unsuccessfully sought a review of
that order here. Thereafter, acting upon a suggestion
of the trial court made at the time the application for
a temporary injunction was denied, the relator sought
leave of the court to file an amended complaint, sup-
ported by affidavits, in which no mention was made
of the written contract upon which the original com-
plaint had been based, but relief was sought by reason
of allegations sufficient to raise an implied obligation
on the part of Graham to refrain from unfairly so-
liciting the trade of relator's customers, and Graham's
insolvency was alleged. A temporary restraining and
show cause order was sought. By stipulation the
action was dismissed as to the laundry company by
whom Graham was then employed, and on May 3, 1922,
the application for leave to file the amended complaint
and for a temporary restraining order was denied.
Thereupon relator brought another action in the su-

perior court for King county, against Graham and his wife, alleging in substance the facts set up in the proposed amended complaint above referred to, sought and obtained a temporary restraining and show cause order in another department of the superior court, which restraining order was quashed and dissolved and the temporary injunction denied upon the return day, because of the prior action pending in which the same relief was sought.

. Disposing of the last case first, we may say that it seems clear that the prior action was still pending, that it was substantially between the same parties, and that the cause of action as alleged by the proposed amended complaint and the relief sought therein were almost exactly identical with the cause of action and the relief sought in the second action, hence there was no error in the order complained of.

In the first case, if the allegations of the proposed amended complaint be true, relator will, before the cause can be heard on its merits and reach this court by appeal, have suffered completely the loss which it anticipates, and if Graham be insolvent, as alleged, the loss will be irreparable, and notwithstanding a final favorable result, the litigation will be entirely fruitless. Such a result is inequitable.

Having in mind the statute and the many cases in which we have held that an order granting or denying a temporary injunction may not be reviewed in the absence of a finding of insolvency, still we think they do not apply here. The only question presented to the trial court was the right to file an amended complaint and have a restraining order until such time as a hearing could be had to inquire into the merits, so far as required, to determine whether or not there was sufficient ground to grant a temporary injunction; or,

in other words, by the order complained of, relator has been denied the right to apply to the court for a temporary restraining order, rather than denied a temporary injunction after a showing made as contemplated by the statute. The statute does not apply to such a situation, nor do our former decisions in anywise affect it. Had the trial court permitted the filing of the amended complaint and proceeded in regular order to a hearing on the application for a temporary injunction, denied that relief, and failed to find insolvency, then the statute and the decisions referred to would apply.

But, even so, in order to justify this court in acting it must clearly appear that the plaintiff in the action below has alleged facts which, if true, entitle it to a temporary injunction, and that the failure to obtain such an injunction will result in irreparable injury, which will accrue before the case can be heard on the merits, or an appeal will lie to this court; and that it has no other plain, speedy or adequate remedy. As we read the amended complaint and the supporting affidavits, the allegations are sufficient in this respect. Nor can it successfully be contended that relator has any plain, speedy or adequate remedy unless this court can grant it in this proceeding.

Following the spirit of our decisions in *State ex rel. Sprague v. Superior Court*, 32 Wash. 693, 73 Pac. 779; *State ex rel. Davis & Co. v. Superior Court*, 95 Wash. 258, 163 Pac. 765, and *State ex rel. Marshall v. Superior Court*, 119 Wash. 631, 206 Pac. 362, we are of the opinion that the statute, Rem. Comp. Stat., § 1002, is sufficiently broad and comprehensive to authorize the relief here demanded.

The order complained of in cause No. 17,273 is therefore reversed, with directions to permit relator to file

its proposed amended complaint, and to proceed in due and regular order to hear its application for a temporary injunction.

The order sought to be reversed in cause No. 17,310 will stand affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.