IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 33265-9-III |
| | ) | |
| GARY WEIDINGER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| KAREN IRONS-WEIDINGER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Karen Irons-Weidinger[1] appeals the trial court's

property distribution in her dissolution proceeding against Gary Weidinger. She contends

the trial court mischaracterized an individual retirement account (IRA) as Mr.

Weidinger's separate property, and failed to include a community debt in the property

division. She also contends the trial court erred in not awarding her more attorney fees.

Finding no error, we affirm.

---

[1] We note that Ms. Irons-Weidinger prefers her name shortened to Ms. Irons. We therefore shorten her name throughout the remainder of this opinion.

FACTS

In 1998, the parties were married in Maryland. They subsequently moved to Walla Walla, Washington. In 2013, Mr. Weidinger filed this petition for dissolution. The parties did not separate, but remained living together for some time.

A.    SEP IRA

Prior to the parties' marriage, Mr. Weidinger had a self-employment plan individual retirement account (SEP IRA) and an IRA from his employment with National Energy and Gas Transmission (NEGT IRA). Both accounts were awarded to him upon the dissolution of his previous marriage, as shown by a divorce decree from Virginia. Mr. Weidinger testified his last contribution to the SEP IRA was in 1989, when he closed his company. In contrast, he testified community contributions were made to the NEGT IRA. The parties agreed the NEGT IRA was community property.

All documents relating to the SEP IRA were lost or destroyed when the parties moved from Maryland. Mr. Weidinger testified he rolled over the SEP IRA into a Fidelity account, and he later rolled over that account into a Sun Trust account. Mr. Weidinger admitted that tracing was not possible because of the lack of records. In testifying that no community funds were placed into the SEP IRA, he explained that commingling community funds with his earlier self-employment contributions would have resulted in tax penalties.

Ms. Irons testified she had no knowledge of the SEP IRA. She testified she did not know whether any community funds were placed into the SEP IRA during the

2

marriage. Ms. Irons's accountant testified that he could not conduct a tracing analysis on the SEP IRA because of the lack of documentation.

The trial court found Mr. Weidinger's testimony about the SEP IRA credible. The finding was buttressed by Mr. Weidinger's admission that the NEGT IRA, although initially separate, lost its separate character because of contributions to that IRA during marriage. Relying on Mr. Weidinger's testimony and the documentation of the Virginia divorce decree, the trial court awarded the SEP IRA to Mr. Weidinger as his separate property. The trial court gave an alternative basis for awarding the SEP IRA to Mr. Weidinger, stating, "[I]f I hadn't identified it as [his] separate property, I would nevertheless make such an award [to him] as a fair and equitable allocation given the circumstances that I just outlined." 4 Report of Proceedings at 41.

B.    DEBT TO MS. IRONS'S SISTER

Ms. Irons testified the marital community owed her sister, Carol, $40,000. Carol had lived with the parties for a number of years. To support her claim, Ms. Irons submitted checks evidencing money the community received from Carol. Carol did not testify.

During discovery, Ms. Irons claimed the debt to her sister was $32,000. Mr. Weidinger testified he had no knowledge of the debt, but listed it in his pretrial schedules as a $32,000 debt of the community.

The trial court found the $40,000 claim to be unsupported by the evidence. "[W]hile there are checks that add up to that amount (Exhibit 114), none are marked as

3

'loans' and [Mr. Weidinger] had no knowledge of them, nor of any terms of repayment." Clerk's Papers at 584. Accordingly, the court did not allocate the $40,000 as a debt to the community.

C.    ATTORNEY FEE AWARD

The trial court awarded Ms. Irons attorney fees, but capped the award at $7,500. In rendering the capped award, the trial court noted that it awarded Ms. Irons a disproportionate share of property. At a later hearing, the trial court noted that it was confident both parties could pay their attorney fees from their assets.

Mr. Weidinger appealed the disproportionate property award. Ms. Irons cross-appealed. Mr. Weidinger later abandoned his appeal.

ANALYSIS

A.    SEP IRA

Ms. Irons contends the trial court mischaracterized Mr. Weidinger's SEP IRA as his separate property. She argues property in the possession of a married person is presumed community property, and the strength of the presumption is stronger the longer the marriage. She acknowledges circumstantial evidence exists to support the trial court's finding that Mr. Weidinger was awarded the SEP IRA from his previous dissolution. She argues Mr. Weidinger did not provide even one document to trace the current SEP IRA awarded to him in this dissolution to the SEP IRA awarded to him in his Virginia dissolution. She argues Mr. Weidinger's inability to provide any documentary evidence is fatal to his claim that the current SEP IRA is his separate property.

4

1.   *Standard of review*

A trial court's characterization of property as separate or community presents a mixed question of law and fact. *In re Marriage of Kile & Kendall*, 186 Wn. App. 864, 876, 347 P.3d 894 (2015). "'The time of acquisition, the method of acquisition, and the intent of the donor, for example, are questions for the trier of fact.'" *Id.* (quoting *In re Marriage of Martin*, 32 Wn. App. 92, 94, 645 P.2d 1148 (1982)). The question of whether a rebuttable presumption of character is overcome is a question of fact. *See id.* at 881; *In re Marriage of Mix*, 14 Cal. 3d 604, 612, 536 P.2d 479, 122 Cal. Rptr. 79 (1975). We review the factual findings supporting the trial court's characterization for substantial evidence. *Kile*, 186 Wn. App. at 876. Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. *Miles v. Miles*, 128 Wn. App. 64, 69, 114 P.3d 671 (2005). The ultimate characterization of the property as community or separate is a question of law that we review de novo. *Kile*, 186 Wn. App. at 876.

2.   *Rules for characterizing property in the possession of a married person*

"A presumption that an asset *possessed* by a married person is community property may arise even though the particular time of acquisition has not been established." Harry M. Cross, *The Community Property Law (Revised 1985)*, 61 WASH. L. REV. 13, 29 (1986) (citing *State ex rel. Marshall v. Superior Court*, 119 Wash. 631, 206 P. 362 (1922)).

> Property in the possession of a married person is presumed to be community property until the contrary is shown; this presumption is not a very strong presumption and is one that may be easily overcome. Although the presumption will always yield to a preponderance of the evidence, the duration of the marriage may affect whether the trial court should apply it at all. As a general rule, the longer the duration of the marriage the more likely the court will assume that assets in the possession of the spouses are community.

*In re Marriage of Schwarz*, 192 Wn. App. 180, 189-90, 368 P.3d 173 (2016) (emphasis omitted) (citations omitted) (internal quotation marks omitted). "Once the separate character of property is established, a presumption arises that it remained separate property in the absence of sufficient evidence to show an intent to transmute the property from separate to community property." *In re Estate of Borghi*, 167 Wn.2d 480, 484, 219 P.3d 932 (2009). The separate nature of the property will retain that character as long as it can be traced or identified. *In re Marriage of Pearson-Maines*, 70 Wn. App. 860, 865, 855 P.2d 1210 (1993).

Here, the parties were married for over 16 years. The length of the marriage warranted the trial court presuming that the SEP IRA was community property. Mr. Weidinger identified the current SEP IRA as being comprised of the same SEP IRA funds awarded to him in his previous divorce. He also testified he would have incurred a tax penalty had he put any money in that SEP IRA that was not earned by his earlier self-employment. The trial court found Mr. Weidinger's testimony credible. Credible testimony can rebut a presumption. Here, the trial court did not err in characterizing the

6

SEP IRA as property acquired before marriage and thus Mr. Weidinger's separate property.

Ms. Irons argues that self-serving testimony is insufficient to establish the current SEP IRA is identical to the SEP IRA awarded to Mr. Weidinger in the Virginia dissolution. She cites *Berol v. Berol*, 37 Wn.2d 380, 382, 223 P.2d 1055 (1950) and *Marriage of Schwarz*, for her argument that Mr. Weidinger was required to provide documentary tracing to support his testimony. We disagree.

Separate property can be acquired (1) before marriage, (2) during marriage by gift or inheritance, (3) during marriage with the traceable proceeds of separate property, or, in the case of earnings or accumulations, during permanent separation. *Schwarz*, 192 Wn. App. at 188-89. As we explained in *Schwarz*, *Berol*'s requirement for documentary tracing applies only to the third situation described above, where one asserts property is separate because it was acquired *during marriage with the traceable proceeds of separate property. Id.* at 194. The rule in *Berol* did not apply in *Schwarz*, nor does it apply here, where the trial court found that the property was acquired before marriage.

B.    COMMUNITY DEBT TO MS. IRONS'S SISTER

Ms. Irons next assigns error to the trial court's finding that the marital community did not owe $40,000 to her sister, Carol. Ms. Irons contends that evidence in the record supports the existence of the loan, so the trial court's finding must be reversed.

We do not reverse a trial court's findings of fact on appeal if they are supported by substantial evidence. *Miles*, 128 Wn. App. at 69. Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. *Id.* Conflicting evidence on the record is not enough to warrant reversal. *Henery v. Robinson*, 67 Wn. App. 277, 289, 834 P.2d 1091 (1992).

The trial court noted that Carol never testified about the supposed loan, the checks did not indicate they were loans, there was no evidence of how the amounts would be repaid, and Mr. Weidinger had no knowledge of the supposed loan. These concerns are sufficient for a fair-minded, rational person to question whether the checks represented loans or something else, such as payments for rent, food, or utilities. Although some evidence conflicted with the trial court's finding, such a conflict is insufficient to warrant reversal.

C.   ATTORNEY FEE AWARD AT TRIAL

Ms. Irons contends the trial court abused its discretion when awarding her only $7,500, or roughly a quarter of the attorney fees she incurred.

RCW 26.09.140 gives trial courts discretion to award reasonable attorney fees and costs in a dissolution proceeding, balancing the requesting spouse's needs with the other spouse's ability to pay. *See Kruger v. Kruger*, 37 Wn. App. 329, 333, 679 P.2d 961 (1984). We will reverse such an award only if the trial court abused its discretion. *In re Marriage of Buchanan*, 150 Wn. App. 730, 737, 207 P.3d 478 (2009).

The trial court found that Mr. Weidinger had the ability to pay, and Ms. Irons had sufficient need. The trial court also found that Ms. Irons incurred reasonable attorney fees and costs in the amount of $16,747.67.[2] Ms. Irons does not assign error to this finding.

Posttrial, the parties argued various motions, partly because of Mr. Weidinger's loss of his job. At the time, Mr. Weidinger was 66 years old. Because of Mr. Weidinger's loss of monthly income, the trial court ordered a $150,000 disproportionate property award in favor of Ms. Irons in lieu of its previous orally ordered spousal maintenance for four years.[3] After the disproportionate award, the trial court commented it believed the parties had the ability to pay their own attorney fees. Considering Mr. Weidinger's recent loss of employment and being near retirement age, we find the trial court did not abuse its discretion when it awarded Ms. Irons roughly one-half of her reasonable attorney fees.

D.    ATTORNEY FEES AND COSTS ON APPEAL

Each party requests an award of reasonable attorney fees and costs on appeal pursuant to RCW 26.09.140. Both parties complied with RAP 18.1(c), which requires a

---

[2] We infer that these fees and costs do not include Ms. Irons's expert's fees of $12,046 of which the trial court ordered Mr. Weidinger to pay one-half.

[3] Mr. Weidinger was ordered to pay $150,000 plus an equalization amount, totaling approximately $245,000, together with interest at five percent per annum beginning April 1, 2015. The order further required Mr. Weidinger to pay interest only payments no less than quarterly, and set a December 31, 2017 deadline for the home to be sold, after which date the home would be sold immediately under court supervision.

declaration of financial need to be served and filed no later than 10 days before their appeal is set for consideration.

RCW 26.09.140 gives this court discretion to award attorney fees and costs, in addition to statutory costs. This court considers both parties' current financial needs and abilities to pay, as well as the merits of the appeal. *In re Marriage of Kim*, 179 Wn. App. 232, 256, 317 P.3d 555, *review denied*, 180 Wn.2d 1012, 325 P.3d 914 (2014).

The parties' financial declarations show they both have monthly expenses that greatly exceed their monthly incomes. Ms. Irons has a monthly deficit of roughly $4,000; while Mr. Weidinger has a monthly deficit of roughly $11,000. The property award shows both parties have substantial assets, although most assets are in retirement accounts or are otherwise nonliquid. Mr. Weidinger has over $30,000 in liquid assets, but those assets are likely necessary to pay his monthly deficit until the house is sold and proceeds disbursed.

We conclude neither party has the ability to pay the other party's reasonable attorney fees and costs. We therefore decline each party's request for reasonable attorney fees and costs under RCW 26.09.140. As the prevailing party, and subject to RAP 14.4, Mr. Weidinger is entitled to statutory costs.

10

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.                    Pennell, J.

11