[No. 59876-2.   En Banc.   April 29, 1993.]

SCHAEFCO, INC., ET AL, *Appellants*, v. COLUMBIA RIVER
GORGE COMMISSION, *Respondent*.

*Blair, Schaefer, Hutchison & Wolfe,* by *Michael Simon,* for appellants.

*Lawrence Watters,* for respondent.

DURHAM, J. — Appellants, Schaefco, Inc. and Wynco, Inc. (Schaefco), wish to develop property which is subject to the Columbia River Gorge National Scenic Area Act, 16 U.S.C. § 544 (Gorge Act). Their proposal to develop one lot in an intended larger development was rejected by the Columbia River Gorge Commission (Commission). The Commission

was affirmed on appeal by the Clark County Superior Court. Because Schaefco has failed to timely perfect its appeal to this court, we dismiss.

On July 2, 1991, the Superior Court entered its final order affirming the Commission's decision. Schaefco moved for reconsideration of this order pursuant to CR 59. This rule requires that a motion for reconsideration "*shall be served and filed* not later than 10 days after the entry of the judgment." (Italics ours.) CR 59(b). Although Schaefco filed its motion for reconsideration with the Superior Court on July 12, 1991, it did not serve the Commission with this motion until July 16, 1991.

The Superior Court denied the motion for reconsideration on August 16, 1991. Schaefco then filed a notice of appeal with the Court of Appeals on September 9, 1991. At the appellate court, the Commission immediately filed a motion to dismiss because the appeal was not filed within the applicable 30-day time limit. The Commission argued that Schaefco's notice of appeal dated back to the Superior Court's July 2 order because the motion for reconsideration was untimely, and therefore did not extend the 30-day time period for filing a notice of appeal. The commissioner for the Court of Appeals ruled in the Commission's favor, but was later modified by the Court of Appeals without explanation. The Court of Appeals then certified the appeal to this court.

The Commission argues that we lack jurisdiction to hear this case because the notice of appeal was untimely. Schaefco counters that the issue was decided below, thereby curing any procedural deficiencies.

A party is allowed 30 days in which to file a notice of appeal. RAP 5.2(a). This 30-day time limit can be extended due to some specific and narrowly defined circumstances (none of which apply here). RAP 5.2(a). It can also be prolonged by the filing of "certain *timely* posttrial motions", including a motion for reconsideration. (Italics ours.) RAP 5.2(a), (e). A motion for reconsideration is timely only where a party both files and serves the motion within 10 days. CR 59(b). A trial court may not extend the time period for filing

a motion for reconsideration. CR 6(b); *Moore v. Wentz*, 11 Wn. App. 796, 799, 525 P.2d 290 (1974).

Here, Schaefco filed the motion for reconsideration within 10 days of the Superior Court's July 2 order. However, it did not serve the motion on the Commission until July 16 — 4 days past the allowable time limit. Because Schaefco's motion for reconsideration was not timely, it did not extend the 30-day limit for filing the notice of appeal. As such, the notice of appeal Schaefco filed on September 9 was well outside the 30-day time limit.

When an appellant fails to timely perfect an appeal, the disposition of the case is governed by RAP 18.8(b). *State v. Ashbaugh*, 90 Wn.2d 432, 438, 583 P.2d 1206 (1978). That rule states:

> The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal . . . .. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section.

RAP 18.8(b). Schaefco has not provided sufficient excuse for its failure to file a timely notice of appeal, nor has it demonstrated sound reasons to abandon the preference for finality.[1]

We recognize that Schaefco raises many important issues, including an equal protection claim arising from the Gorge Act's failure to designate Washougal, Washington, as an urban area. However, it would be improper to consider these questions given the procedural failures of this case. *See* RAP 18.8(b), 18.9(b); *Ashbaugh*, at 438. Schaefco's appeal is dismissed.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, SMITH, and MADSEN, JJ., concur.

---

[1] Schaefco's argument that the procedural question was decided below is inapposite. When a case is transferred to this court, if the appeal "has not been properly perfected, this court upon transfer will consider such a defect and take appropriate action." *Glass v. Windsor Nav. Co.*, 81 Wn.2d 726, 727, 504 P.2d 1135 (1973).

GUY, J. (dissenting) — The majority dismisses Schaefco's claim because Schaefco "failed to timely perfect its appeal to this court". Majority, at 367. I dissent.

RAP 5.2 provides that a notice of appeal must be filed within 30 days of the decision which the party filing the notice wants reviewed, or within 30 days of the entry of an order deciding a timely motion for reconsideration. RAP 5.2(a), (e). As the majority states, a motion for reconsideration is timely only where a party both files and serves the motion within 10 days after entry of the judgment. CR 59(b). In this case, Schaefco timely filed its motion for reconsideration but failed to serve the Commission within 10 days of the trial court's July 2, 1991, order. Nonetheless, the trial court apparently considered the motion and denied the same on August 16, 1991. Schaefco subsequently filed a notice of appeal on September 9, 1991. Schaefco's filing of its notice of appeal was within 30 days of the trial court's denial of its motion for reconsideration but was outside the 30-day period running from the trial court's July 2 order.

The issue is whether the trial court's consideration of Schaefco's untimely motion for reconsideration on its merits has the effect of extending the time for filing a notice of appeal. I recognize that an untimely motion for reconsideration has no effect on the commencement of time for filing an appeal. *Canzler v. Mammoliti*, 40 Wn.2d 631, 633, 245 P.2d 215 (1952). As the majority states, a trial court may not extend the time period for filing a motion for reconsideration. CR 6(b); *Moore v. Wentz*, 11 Wn. App. 796, 799, 525 P.2d 290 (1974). I dissent, however, because I believe this court has the authority to hear an appeal where the party has relied on a trial court's consideration of its posttrial motion for reconsideration and thereby forgoes filing a timely notice of appeal.

RAP 1.2(a) provides that

[t]hese rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circum-

stances where justice demands, subject to the restrictions in rule 18.8(b).

RAP 18.8(b) provides that the appellate court will "only in extraordinary circumstances and to prevent a gross miscarriage of justice" extend the time within which a party must file a notice of appeal. The majority did not believe that this was an "extraordinary circumstance", declaring instead that Schaefco failed to provide a "sufficient excuse for its failure to file a timely notice of appeal". Majority, at 368. I disagree. Schaefco argued that the procedural question was decided below. When Schaefco filed its notice of appeal on September 9, the Commission immediately filed a motion to dismiss the appeal because it was not filed within the appropriate time limit. *See* RAP 5.2(a). The Commission argued that Schaefco failed to perfect its appeal since Schaefco's untimely motion for reconsideration did not extend the 30-day time period for filing a notice of appeal. *See* RAP 5.2(b) (allowing an extension for *timely* posttrial motions). The commissioner for the Court of Appeals ruled in the Commission's favor but was later modified by the Court of Appeals without explanation. The Court of Appeals then certified the appeal to this court.

The majority's treatment of the unique procedural posture of this case is unsatisfactory. The majority states that Schaefco's argument — that the procedural question was decided below — is "inapposite" since this court upon transfer will consider such defects as failure to perfect an appeal and will take "appropriate action". Majority, at 368 n.1 (citing *Glass v. Windsor Nav. Co.*, 81 Wn.2d 726, 727, 504 P.2d 1135 (1973)). "Appropriate action", however, does not automatically mean dismissal. "This court, in aid of its appellate jurisdiction . . . possesses all inherent power of courts of equity, and when it is made to appear that a party is being denied relief to which in equity and good conscience he is entitled, it is the duty of this court to find some method within its jurisdiction by which such relief may be granted." *State ex rel. Davis & Co. v. Superior Court*, 95 Wash. 258, 261, 163 P. 765 (1917). As we stated more recently, "[w]hile a failure to meet jurisdictional requirements has generally mandated dismissal of the appeal, this court has

always retained, and occasionally exercised in unusual cases, its authority to nevertheless hear the case on the merits." *State v. Ashbaugh*, 90 Wn.2d 432, 437-38, 583 P.2d 1206 (1978). *See, e.g., Myers v. Harris*, 82 Wn.2d 152, 155, 509 P.2d 656 (1973). In *Myers*, we declined to dismiss the appeal despite the fact that appellants timely submitted notice of appeal without payment of fees (at that time a jurisdictional requirement). We declined to dismiss the appeal because the mistake was made in good faith and the respondents suffered no prejudice. *Myers*, at 155. *See also State v. Sorenson*, 2 Wn. App. 97, 101, 466 P.2d 532 (1970), in which the Court of Appeals found substantial, but not literal, compliance with jurisdictional requirements sufficient. Schaefco likewise substantially complied with the rules. Schaefco timely filed its motion for reconsideration. While the Commission did not receive Schaefco's mailed service until 4 days after the 10-day deadline, it is doubtful the Commission was prejudiced by the delay in service since this motion was not heard until 30 days later on August 16.

Our prior willingness to consider unusual circumstances in exercising our authority to hear such cases comports with the judge-made doctrine of "unique circumstances". *See Wolfsohn v. Hankin*, 376 U.S. 203, 11 L. Ed. 2d 636, 84 S. Ct. 699 (1964) (per curiam); *Thompson v. Immigration & Naturalization Serv.*, 375 U.S. 384, 11 L. Ed. 2d 404, 84 S. Ct. 397 (1964) (per curiam). The doctrine of "unique circumstances" permits an appeal "despite noncompliance with jurisdictional requirements if the appellant relied upon judicial action and, in so relying, forfeited the right to appeal." *Fiester v. Turner*, 783 F.2d 1474, 1476 (9th Cir. 1986). In *United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265 (9th Cir. 1985), the Ninth Circuit quoted with approval the Eleventh Circuit's summary of the appropriate circumstances warranting invocation of this doctrine:

> Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, *so long as the judicial*

*action occurred prior to the expiration of the official time
period* such that the appellant could have given timely
notice had he not been lulled into inactivity.

(Italics mine.) *United Artists*, 771 F.2d at 1268 (quoting *Willis v. Newsome*, 747 F.2d 605, 606 (11th Cir. 1984)).

Although the trial court did not act on Schaefco's motion
for reconsideration prior to the expiration of the 30-day
period for filing a notice of appeal, the court's delay should
not prejudice Schaefco. CR 59(b) states that "[t]he motion
shall be noted at the time it is filed, to be heard or otherwise
considered within *30 days* after the entry of *judgment* unless
the court directs otherwise." (Italics mine.) The record indicates that Schaefco's motion for reconsideration was originally scheduled to be heard on August 2, 1991, which was 1
day outside of the 30-day limit for filing a timely notice of
appeal. In addition, the parties were informed on August 1
that the trial judge would be out of town on August 2. At the
*court's direction*, the parties rescheduled Schaefco's motion
for reconsideration when both parties and the trial judge
were available — August 16. Had the trial court considered
Schaefco's motion within the timeframe set by CR 59(b), the
motion would have been considered on or before August 1,
1991, and Schaefco could have filed a timely notice of appeal.
Instead, Schaefco was apparently "lulled into inactivity" by
the trial court's actions.

In sum, the circumstances within which this case proceeded through the judicial system were sufficiently "unusual"
to invoke our equitable powers. The majority could have held
that either the trial court's decision to consider Schaefco's
motion for reconsideration, or the Court of Appeals' ruling on
the timeliness of the notice of appeal, was an "extraordinary
circumstance" sufficient to grant Schaefco additional time to
perfect its appeal. Instead, the majority dismisses Schaefco's
appeal, expressing preference for finality. For these reasons, I
dissent. I would remand the case to the Superior Court for
factual findings as to whether Schaefco's counsel reasonably
and in good faith relied upon the trial court's actions. *See*

*United States v. Heller*, 957 F.2d 26, 28, 31-32 (1st Cir. 1992) (per curiam) ("unique circumstances" doctrine enables the court to inquire into the reasonableness of the party's conduct in its totality).

JOHNSON, J., concurs with GUY, J.