FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 APR 23  AM 8: 31

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Parentage/Parenting and Support of O.P., | ) ) | No. 76165-0-I |
| A minor child. | ) ) ) | DIVISION ONE |
| TAYLOR KATHERINE SAMUEL, | ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | |
| DAVID THOMPSON PARKER, | ) ) | |
| Appellant. | ) | FILED:  April 23, 2018 |

SCHINDLER, J. — David Parker appeals the August 8, 2016 "Temporary Family Law Order" and award of attorney fees, the September 19, 2016 decision denying his motion to vacate or for reconsideration, and the November 14, 2016 decision awarding attorney fees.  Because the appeal of the August 8 order and September 19 decision is untimely, we consider only the November 14 order and the award of attorney fees to Samuel based on "intransigence and CR11."  Because the court did not enter findings of fact and conclusions of law and the record is inadequate for review, we remand.

FACTS

Taylor Katherine Samuel and David Thompson Parker are the parents of O.P. The Snohomish County Superior Court entered a parenting plan on December 21,

2015. The parenting plan designates Samuel as the residential parent of O.P. The parenting plan gives Parker residential time with O.P. every other weekend from Friday after school until Sunday evening. The parenting plan states O.P. will reside with Samuel during the summer but gives Parker an additional weekend in July and in August. According to the parenting plan, O.P. spends the Fourth of July holiday with Samuel in even years and with Parker in odd years. The parenting plan states, "In the event that the Monday following father's residential time is a holiday and father has the day off, he may have [O.P.] until 3 pm on Monday afternoon."

Section 3.6 of the parenting plan governs vacations with O.P.:

Each parent shall have one week of vacation with the child during the summer in the year following her 5th birthday. Each parent shall have 2 non-consecutive weeks with the child in the year following her 8th birthday. Each parent shall give notice of his/her intended vacation time by May 1 of each year. If there is a conflict of dates, father's dates will control in even years and mother's dates will control in odd years.

Samuel is married to Quade Samuel. Quade serves in the United States Navy.[1] Samuel, Quade, and O.P. planned to visit Quade's parents in California in July 2016. At the time, Samuel was around seven months pregnant. Quade took military leave for the trip. Samuel purchased plane tickets. The flight was scheduled to leave Seattle at 7:40 a.m. on Monday, July 4.

In June, Samuel informed Parker of the travel plans. Parker responded by e-mail. The June 27 e-mail states, in pertinent part:

It has come to my attention that you are violating the parenting plan and can be charged with contempt of court. According to Section 3.6 neither you or [sic] I are allowed to take [O.P.] on vacation until after she turns 5 years old. I am fully aware that you intend to take her to California for one week of vacation, possibly even longer. [O.P.] is currently 3 years old, so

---

[1] We refer to Quade Samuel by his first name for purposes of clarity and mean no disrespect by doing so.

this directly violates that agreement with the ages that you set (meaning that you have full awareness). In addition, each parent is required to notify the other parent with the intentions to have a vacation with [O.P.] by May 1st, which you also failed to do.

Parker told Samuel, "According to what we signed, [O.P.] should be in daycare throughout the week. If you choose to go fully against this then we can make the appropriate court arrangements for contempt."

Samuel contacted her attorney and responded to Parker with additional information about the trip: "[O.P.] and I will be gone from July 4, 2016, through July 15, 2016. We will be in Corona, California, for our stay, visiting relatives. You will not miss any of your time with [O.P.]."

Parker responded on Tuesday, June 28. Parker asserted Samuel was violating the parenting plan because vacation time is not permitted until after O.P. turns five:

> [A] violation is a violation, and you have made 4 by this point: not consulting me for her change of daycare, not notifying me of vacation by May 1st, taking her on vacation before she is 5, and having two consecutive weeks (which is never allowed). You may have more residential time, but you do not get more vacation time.
>
> To put it in terms that you may understand:
> If you believe that the [parenting plan] as written permits you to take our lovely daughter to California for two weeks this summer, then you should not have a problem with me taking [O.P.] to Colorado for two weeks to visit relatives later this summer. I am sure you will be completely fine with it considering that you are doing the exact same.

Parker also noted he was entitled to additional time because July 4 was a holiday:

> According to the [parenting plan], I am to have [O.P.] on holidays following my weekends with her. Holiday times begin at 9 am for the parent they are designated to. Given this, I will meet you in Arlington at 9 am on Monday, July 4th to drop-off our lovely daughter.

Parker said that if Samuel took O.P. to California with her, "then resolution of dispute will be taken, which is going to mediation or possibly court."

3

On Friday, July 1, Samuel filed a motion for a restraining order in Island County Superior Court. Samuel asked the court to issue an order requiring Parker to comply with the parenting plan and authorize a civil stand by. Citing Parker's June 28 e-mail, Samuel alleged Parker would not return O.P. until Monday, July 4, at 9:00 a.m. Samuel argued Parker's "actions are intransigent and only designed to cause me stress and cost me money." Samuel requested an award of attorney fees:

> I am asking for attorney fees because I should not have had to bring this motion. I am asking Mr. Parker to be ordered to do what he is already ordered to do. Because he is telling me he will not comply, I am asking to be able to request and receive police assistance.

The court granted the motion for a restraining order and ordered Parker to "follow the parenting plan and return the child to the mother on Sunday, July 3, 2016, at 6:00 p.m." The restraining order authorizes law enforcement to "provide a civil stand by and use any other necessary means to return the child to the mother" if Parker fails to return O.P. The restraining order set a hearing for July 11 at 9:30 a.m. The notice states, "**Warning!** If you do not go to the hearing, the court may make orders against you without hearing your side."[2]

On Saturday, July 2, Parker picked up O.P. for the weekend. When Parker arrived at the meeting point, Quade handed Parker the restraining order. Parker returned O.P. on Sunday, July 3, at 6:00 p.m.

Parker did not attend the July 11 hearing. At the conclusion of the hearing, the court issued a Temporary Family Law Order. The court found Parker returned the child as ordered by the immediate restraining order. The court ordered Parker to pay

---

[2] Emphasis in original.

attorney fees in the amount of $1,770. The court stated, "The order for fees is based on respondent's intransigence."

The court issued an amended Temporary Family Law Order on August 8. The amended order corrects Parker's name, which was entered incorrectly in the "Debtor's name" section of the original order.

On August 30, Parker filed a motion to vacate the order under CR 60(b)(1), (4), (5), and (11) and CR 60(c) or for reconsideration under CR 59. Parker argued RCW 26.25.590 did not authorize the immediate restraining order because Samuel did not establish a threat of imminent harm and sought only to resolve an issue under the parenting plan. Parker asserted Samuel did not notify his attorney of the proceedings. Parker argued there was no basis for the request for attorney fees and no evidence in the record to support finding intransigence. In opposition, Samuel filed a declaration.

On September 19, the court held a hearing on the motion to vacate or for reconsideration. The court denied the motion. Samuel requested fees for responding to the motion to vacate or for reconsideration. Her attorney submitted a declaration and supporting documents for fees in the amount of $1,761 that had been incurred after the motion to vacate or to reconsider was filed. Parker opposed the request for attorney fees. The court set a hearing on the motion for attorney fees for November 14.

Parker did not appear at the November 14 hearing.[3] On November 14, the court entered an order granting Samuel attorney fees in the amount of $1,761. The order states attorney fees are "[b]ased on intransigence and CR11." On December 1, Parker filed a notice of appeal of "all orders for fees and costs."

---

[3] Parker asserts Samuel failed to notify him of the hearing date. He contends he did not receive a fax with the notice of the hearing.

## ANALYSIS

Parker appeals the August 8 Temporary Family Law Order awarding attorney fees, the September 19 denial of his motion to vacate or for reconsideration, and the November 14 order awarding attorney fees.

Under RAP 5.2(a), the appellant must file a notice of appeal within 30 days after the entry of the order being appealed. If a party files a timely motion for reconsideration, the 30-day time limit is extended. Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wn.2d 366, 367, 849 P.2d 1225 (1993). A motion for reconsideration is timely if the party both files and serves the motion within 10 days after the order is entered. CR 59(b).

The appeal of the August 8 order and the September 19 decision is untimely. Parker filed the notice of appeal of the August 8 order and the September 19 decision denying the motion to vacate or for reconsideration on December 1. The notice of appeal was not filed until well after the 30-day time limit for the August 8 order and September 19 decision. Therefore, we address only the November 14 order awarding attorney fees.

The trial court has discretion to award attorney fees. In re Marriage of Mattson, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). The party challenging the award of attorney fees must show the court exercised its discretion in a way that was clearly untenable or manifestly unreasonable. In re Marriage of Crosetto, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). The court must enter sufficient findings of fact and conclusions of law to develop an adequate record for appellate review of an attorney fee award. Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998).

A court may award attorney fees for "intransigence" if one party's intransigent conduct caused the other party to incur additional legal fees. In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Intransigence includes obstruction and foot dragging, filing unnecessary motions, or making a proceeding unduly difficult and costly. In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006).

A court may award CR 11 sanctions on the attorney or party for filing a baseless pleading, motion, or legal memorandum. CR 11(a). The purpose of CR 11 is to deter baseless filings and curb abuses of the judicial system. Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). "A filing is baseless if it is not well grounded in fact or not warranted by existing law or a good faith argument for altering existing law." Bldg. Indus. Ass'n v. McCarthy, 152 Wn. App. 720, 745, 218 P.3d 196 (2009).

The record does not contain the motion for the attorney fees Samuel incurred in responding to the motion to vacate and to reconsider. Nor does the record contain transcripts of oral argument on the motion to vacate or for reconsideration or the motion for attorney fees. The declaration of Samuel's attorney outlines only the expenses incurred after the motion to vacate or for reconsideration was filed.

The November 14 order awarding attorney fees states, "The court finds good cause to approve this Order" and bases the award of attorney fees on "intransigence and CR11." The court did not enter findings of fact and conclusions of law on intransigence or the basis for CR 11 sanctions. "[T]he absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to

develop such a record." Mahler, 135 Wn.2d at 435. Because the court did not enter

findings of fact and conclusions of law, we remand.[4]

WE CONCUR:

---

[4] Samuel requests attorney fees under RAP 18.9(a) or CR 11 sanctions on appeal. Because we remand for the entry of findings of fact and conclusions of law, we deny Samuel's request.