IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JAMES E. ELLIS, | ) | No. 35510-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, A.C.J. — James Ellis has appealed an adverse summary judgment order,

dismissing his claim for unlawful imprisonment. We dismiss the appeal as untimely.

FACTS

Mr. Ellis was convicted of one count of second degree child molestation in 2005.

He was sentenced under former RCW 9.94A.712 (2001).[1] Pursuant to the framework of

this statute, the trial court set Mr. Ellis's maximum term of confinement at 10 years and,

based on his offender score of 6, set the minimum term at 60 months.[2]

---

[1] RCW 9.94A.712 has since been recodified as RCW 9.94A.507. LAWS OF 2008, ch. 231, § 56.

[2] *See* RCW 9A.44.086(2); RCW 9A.20.021(1)(b).

Mr. Ellis was released from custody on February 10, 2015. One year later, he filed

a complaint against the State of Washington for unlawful imprisonment. He alleged the

Department of Corrections released him 3 years, 4 months, and 10 days late.

The State was granted summary judgment dismissal of Mr. Ellis's complaint on

February 21, 2017. Mr. Ellis moved for reconsideration on March 6, delivering his

motion, supporting memorandum and a note for hearing to counsel for the State via e-

mail on March 7. The trial court denied the motion for reconsideration in a letter decision

issued on April 4. A formal order was entered on July 11. Mr. Ellis filed his notice of

appeal to this court on August 10.

## ANALYSIS

A party typically has 30 days after entry of a trial court decision to seek review in

this court. RAP 5.1(a); RAP 5.2(a). This deadline can be extended by the filing in the

trial court of "certain *timely* motions" designated by the rules, including a motion for

reconsideration under CR 59. RAP 5.2(e) (emphasis added). But the 30-day time limit is

not extended if the motion for reconsideration is untimely. *Schaefco, Inc. v. Columbia

River Gorge Comm'n*, 121 Wn.2d 366, 367-68, 849 P.2d 1225 (1993) (untimely service

of motion for reconsideration that was timely filed with the court did not extend the 30-

day deadline). If the notice of appeal is untimely, then the disposition of the case falls

under RAP 18.8(b).  *Id.* at 368.  That rule states:

> The appellate court will only in extraordinary circumstances and to prevent
> a gross miscarriage of justice extend the time within which a party must file
> a notice of appeal . . . .  The appellate court will ordinarily hold that the
> desirability of finality of decisions outweighs the privilege of a litigant to
> obtain an extension of time under this section.

RAP 18.8(b).

The trial court entered an order granting the State's summary judgment motion on February 21, 2017.  Mr. Ellis had 10 days from entry of this order to file his motion for reconsideration.[3]  CR 59(b).  The 10-day filing period expired on March 3.  Mr. Ellis did not meet this deadline: he filed his motion on March 6.  Thus, Mr. Ellis's motion in the trial court was untimely.

Because the motion for reconsideration was untimely, it did not extend the deadline for filing a notice of appeal.  The 30-day appeal period continued to run based on the original February 21 summary judgment order.  Accordingly, the notice of appeal was due on or before March 23.  Mr. Ellis did not file his notice until August 10, almost five months after the March 23 deadline to appeal.

Mr. Ellis has not articulated any reason under RAP 18.8(b) for this court to extend the deadline to perfect his appeal.  He does not explain why his motion for

---

[3] The trial court may not extend this time limit.  CR 6(b).

No. 35510-1-III
*Ellis v. State*

reconsideration in the trial court was filed late. Nor does he demonstrate grounds for manifest injustice. We are therefore obliged to dismiss his appeal as untimely pursuant to RAP 5.2, RAP 18.8 and binding Supreme Court precedent. *Schaefco*, 121 Wn.2d at 367-68.

## CONCLUSION

Mr. Ellis's appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

4