IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 36819-0-III |
| PEDRO HERNAN MENDOZA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| AMANDA EILEEN MENDOZA, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — After trial on this dissolution case the superior court found that attorney Gary Stenzel violated his duty of candor to the court and imposed CR 11 sanctions equal to opposing counsel's attorney fees and costs. Mr. Stenzel's motion for reconsideration was eventually denied, and he appealed the order imposing sanctions. We hold that Mr. Stenzel's notice of appeal was untimely and dismiss the appeal.

FACTS

Pedro and Amanda Mendoza were married for only 14 months when Mr. Mendoza left home and moved back with his parents. He returned to the home one time to gather his belongings.

Acting as his own attorney, he filed a dissolution petition. Shortly after having Ms. Mendoza served with process, Mr. Mendoza was deployed to the Middle East and remained relatively unavailable throughout these proceedings. Ms. Mendoza retained Gary Stenzel as her attorney, and Mr. Stenzel responded to the petition for dissolution. Mr. Mendoza eventually retained his own attorney.

The parties did not have children and very few assets were acquired during the short marriage. At trial, there were two main issues: whether and to what extent Mr. Mendoza's military pay and benefits should be divided, and whether and to what extent the medical bills incurred by Ms. Mendoza were community debts. At trial, Mr. Stenzel, asserted that the marriage was not defunct and remained intact despite the separation and divorce proceedings. The trial court apparently asked for case law to support this theory, and the Court's request, along with Mr. Stenzel's response, form the basis for the sanctions later imposed.[1]

---

[1] The record on appeal does not contain the transcript of the colloquy between the Judge and Mr. Stenzel so we do not know exactly what was said.

On November 20, 2018, the trial court granted the dissolution and found that the parties separated when Ms. Mendoza was served with dissolution papers. The court awarded Mr. Mendoza his military pay and benefits and found Ms. Mendoza's medical debt was incurred after separation.

After addressing property division, the court turned to Mr. Stenzel's professional conduct. The trial court states that it would be imposing CR 11 sanctions against Mr. Stenzel ordered he not charge his client for his trial representation and that he personally pay Mr. Mendoza's attorney fees and litigation costs. Report of Proceedings at 136-39.

On January 31, 2019, the court entered an order imposing sanctions. The court made three findings to support the sanctions: 1) frivolous conduct and argument, 2) violation of the duty of candor to the court, and 3) failure to conduct reasonable inquiry into the factual and legal basis of the pleadings regarding Mr. Mendoza's availability, whereabouts, and employment with the military. Clerk's Papers at 203-04. The court also made a hand-written notation on the final order, incorporating its oral findings from November 20 as support for the sanctions. Judgment in the amount of $12,654.50 was entered against Mr. Stenzel personally.

Mr. Stenzel filed a motion to reconsider the court's sanctions on March 11, 2019. The court heard argument on April 19, and retreated from its earlier finding of frivolous argument, noting that Mr. Stenzel's defunct marriage argument was not specifically rejected by case law. Nevertheless, the court denied reconsideration, reaffirming its

3

finding that Mr. Stenzel had misrepresented case law to the court. An order denying reconsideration was filed on April 25. Mr. Stenzel filed a Notice of Appeal on May 21, 2019, appealing the January 31 and April 25, 2019 orders imposing sanctions.

After the appeal was perfected, this court, on its own initiative, asked the parties for additional briefing on whether Mr. Stenzel's appeal was timely under RAP 5.2(a). The parties filed simultaneous briefs on February 9, 2021. Mr. Stenzel supplemented the record on appeal with a second order entered on January 31, 2019. In his supplemental brief, Mr. Stenzel submits that after the court signed the order imposing sanctions, the parties agreed off the record to "an order allowing the court reporter to finish the requested transcripts to assist a reconsideration [sic]." The agreed order states "that time for filing the reconsideration (10 days) shall not begin until the date the transcripts are made available to respondent's counsel." The order does not identify which transcripts were pending. The record on appeal does not indicate when the transcripts were made available to Mr. Stenzel other than Mr. Stenzel's assertion in his brief.

## ANALYSIS

1. Is the appeal timely under the Rules of Appellate Procedure (RAP)?

"A necessary prerequisite to appellate jurisdiction is the timely filing of the notice of appeal." *Buckner*, *Inc. v. Berkey Irrig. Supply*, 89 Wn. App. 906, 911, 951 P.2d 338 (1998) (citation omitted). In order to be timely, an appeal must be filed within 30 days

4

after the entry of the decision of the trial court that the party filing the notice wants

reviewed. RAP 5.2(a). The rule's 30-day time limit can only be extended in "specific

and narrowly defined circumstances." *Schaefco, Inc. v. Columbia River Gorge Com'n*,

121 Wn.2d 366, 367, 849 P.2d 1225 (1993). One noted exception is a motion for

reconsideration, which will extend the deadline for filing an appeal if it is timely filed and

served. RAP 5.2(e); *Schaefco*, 121 Wn.2d at 368.

A motion for reconsideration is timely when it is both filed and served within 10

days of the entry of the final judgment. CR 59(b). A trial court may not extend the time

period for filing a motion for reconsideration. CR 6(b); *Schaefco*, 121 Wn.2d at 367-68.

In *Schaefco*, the appellant filed a motion for reconsideration within 10-days, but

did not serve opposing counsel until 14-days after the court's final order. *Id*. at 368.

Although the superior court denied the motion on its merits, the Supreme Court found

that the motion was untimely and could not extend the 30-day deadline for filing a notice

of appeal. *Id*.

In his supplemental brief, Mr. Stenzel argues that a trial court has discretion to

"clarify the finalization date" for its orders. This is simply a creative end-run around the

limitations set forth in CR 6(b). Even if we were to entertain Mr. Stenzel's argument, the

superior court did not clarify the finalization date. The agreed order was clearly meant to

extend the time to file a motion for reconsideration of the order imposing sanctions. The

order imposing sanctions was filed and date-stamped by the clerk's office on January 31,

2019. It became final on that date. *See Denney v. City of Richland*, 195 Wn.2d 649, 654, 462 P.3d 842 (2020) (a final judgment resolves the legal claims between the parties). The time for filing a motion for reconsideration, and the time for filing a notice of appeal, began to run on that date.

Mr. Stenzel also argues that the final order on sanctions was not "complete" without the transcripts. Supp. Br. of Appellant at 4-5. He does not cite any case law to support this argument. The order imposing sanctions indicated that the court's oral findings on November 20 were incorporated to support the judgment. Clearly, the respondent could have executed on the order imposing sanctions without the transcripts. The order was complete.

Mr. Stenzel also argues that the order imposing sanctions was not complete because the findings of fact were not clear. Again, he does not cite any Washington authority to support his position, and the out-of-state authority he cites is inapposite. Contrary to Mr. Stenzel's argument, parties frequently make decisions on whether to appeal or move for reconsideration without having the full record transcribed. The Notice of Appeal is generally filed well in advance of receiving and developing the record on review.

Finally, Mr. Stenzel contends that the agreement of the parties and the trial court's approval provide justification for the delay. The civil rules are clear: the court "may not extend the time for taking any action under rules 50(b), 52(b), 59(b), 59(d), and 60(b)." CR 6(b).

An untimely appeal requires dismissal. *Schaefco*, 121 Wn.2d at 368. The limited exception under RAP 18.8(b), to avoid a gross miscarriage of justice, does not apply to the circumstances of this case. *See In re the Marriage of Orate*, 11 Wn. App. 2d 807, 814, 455 P.3d 1158 (2020).

This does not leave parties without options when transcripts are needed but unavailable. They can file a notice of appeal and seek leave to file a motion for reconsideration in the lower court. *See* RAP 7.2. They can file a motion for reconsideration and supplement the motion when transcripts become available. CR 59(b) (rule does not require supporting documents to be filed with the motion for reconsideration). They can delay presentation and entry of the final order until the transcripts become available. What parties cannot do is enlarge the timelines for filing a motion for reconsideration or a notice of appeal.

2. Attorney fees on appeal

Because we are not addressing the merits of the appeal, respondent's request for sanctions under RAP 18.9(a) is denied.

The appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.