# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>MARIALYCE ESSER,<br><br>          Appellant,<br><br>and<br><br>GERALD JEROME ESSER,<br><br>          Respondent. | No.  54178-5-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Melissa Denton[1] appeals the trial court's order imposing CR 11 sanctions after she filed multiple untimely motions for reconsideration past the ten-day deadline under CR 59.  Denton argues that the trial court abused its discretion by imposing CR 11 sanctions.  We hold that the trial court did not abuse its discretion by imposing CR 11 sanctions, and we affirm the trial court's order and award Gerald Esser reasonable appellate attorney fees and costs.

## FACTS

Marialyce and Gerald Esser were married, and they divorced in 2019.  Prior to the presentation hearing, Gerald's counsel, Leonard Lucenko, filed and sent Denton his proposed final dissolution decree and proposed findings and conclusions regarding the marriage on August 5,

---

[1] We refer to the parties' attorneys because the only issue is the CR 11 sanctions imposed against Denton.

2019. On August 15, the court announced its oral ruling. At the hearing, counsel used the August 5 proposed orders to prepare final versions for entry by the court that day. But because Lucenko had a mediation to attend, the final orders could not be completed in time. The court signed an agreed order to continue the final presentation hearing until August 22.

At the August 22 final presentation hearing, Denton claimed that she was not ready to proceed because she had only received Lucenko's revised proposed findings and order the day before in violation of CR 54(f)(2). Lucenko argued that the five-day requirement under CR 54(f)(2) was met by his service on August 5. The court noted in its oral ruling that Lucenko's August 5 proposed orders were "essentially the same" as the proposed order at the August 15 hearing. Therefore, the court found that Lucenko did not violate CR 54(f) and there was no reason not to enter final orders that day, and it signed the final orders on August 22, 2019. Verbatim Report of Proceedings (VRP) at 15.

It is undisputed that the ten-day deadline under CR 59 for a motion for reconsideration was September 3, 2019. Denton failed to file her motion for reconsideration on time due to "technological" issues. Clerk's Papers (CP) at 63. Denton asked Lucenko for an extension of time, which he declined and advised Denton that if she filed and noted her motion "without leave of the court to extend the deadline," he would seek attorney fees and sanctions. CP at 138.

Denton filed her motion for reconsideration the next day, September 4, at 8:15 AM. Denton also filed a notice setting the motion for a hearing without seeking leave of the court. The next day, Denton filed an amended notice and reset the hearing for September 23. Lucenko replied that under the case law, the court had no authority to extend the ten-day deadline, and again informed Denton that if she did not strike the hearing, he would request CR 11 sanctions.

One week later, on September 11, Denton filed two more motions for reconsideration and on September 13, filed a fourth motion for reconsideration and "Motion to Accept 11th Day Filing." CP at 61. In her motions, Denton argued that her client was denied due process because Lucenko violated CR 54(f), and her client did not have a meaningful opportunity to participate. Denton also argued that the court should accept her late filings because she was unaware that the Mason County Clerk's Office closed at 4:30 PM, and the clerk's hours amounted to a "failure of a session of the court" under CR 6(c). CP at 63.

Lucenko filed a motion for CR 11 sanctions. He argued that the trial court did not have the authority to extend the ten-day deadline under CR 6, and thus, it could not decide Denton's motions on the merits. Because Denton was aware the court lacked this authority and proceeded with her motions, Lucenko argued that there was no good faith basis in fact or law for Denton's motions, and thus, CR 11 sanctions were appropriate. Lucenko requested $5,378.50 in attorney fees and costs.

The trial court held a hearing on September 23, 2019. The court stated that it generally favors deciding motions for reconsideration, but that the case law was "pretty strict" regarding timeliness. VRP at 71. The court denied Denton's motions for reconsideration and granted Lucenko's motion for CR 11 sanctions. The court ordered Denton pay Lucenko $2,634.50 in attorney fees and costs.

Denton timely appeals.

ANALYSIS

I. CR 11 SANCTIONS

Denton argues that the trial court erred by imposing CR 11 sanctions. We hold that the trial court did not abuse its discretion by imposing CR 11 sanctions.

We review a trial court's CR 11 sanctions for an abuse of discretion. *Engstrom v. Goodman*, 166 Wn. App. 905, 917, 271 P.3d 959 (2012). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." *Wash. State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

"The purpose of [CR 11] is to deter baseless filings and curb abuses of the judicial system." *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004). Washington courts have consistently held that a baseless filing is one that is not well-grounded in fact, is not warranted by existing law, or is not a good faith argument for altering existing law. *MacDonald v. Korum Ford*, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996).

An attorney must sign all pleadings, certifying that the attorney has read the pleadings, and that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the pleadings meet the following requirements:

> (1) it is well grounded in fact; (2) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

CR 11(a)(1)-(4). CR 11(a)(4) further provides that

> [i]f a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

A party may bring a motion for reconsideration of a trial court's order within ten days of final entry of the order. CR 59(b). "A trial court *may not* extend the time period for filing a motion for reconsideration." *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 367-68, 849 P.2d 1225 (1993) (emphasis added).

Here, the trial court ruled that CR 11 sanctions were appropriate because Denton's arguments for the court to consider her late filings had no chance of success as they were not based in good faith in fact or law. It is undisputed that Denton filed her first motion for reconsideration after the ten-day deadline expired on September 3, 2019. Her other three motions were similarly filed after the ten-day deadline. The trial court had no authority under CR 59 to extend the time period for filing. *Schaefco*, 121 Wn.2d at 367-68. Denton was aware that the court could not address the merits of her motion because Lucenko told her this in an email. By refusing to withdraw her various motions and proceeding with a hearing, Denton wasted judicial resources and Lucenko's time.

Denton argues that the court should have granted her motion under CR 6(c). But this is a strained and incorrect interpretation of the rule, and we reject her argument that CR 6(c) applies.

CR 6(c) provides that "[n]o proceeding in a court of justice . . . is affected by a vacancy in the office of any or all of the judges or by the failure of a session of the court." Denton argues that there was essentially a failure of the session of the court because the filing deadline was 4:30 PM

rather than the 5:00 PM deadline she anticipated. This does not constitute a failure of the session of the court. "Session of the court" refers to a judicial vacancy. 3A Elizabeth A. Turner, *Washington Practice: Rules Practice* CR 6 author's cmt. 4 (6th ed. 2020). The clerk's office closed at the time it is supposed to at 4:30 PM, and thus, there was no procedural deficiency.

The trial court also did not improperly use CR 11 as a mechanism for providing attorney fees where none would otherwise be available. CR 11(a)(4) allows for an award of attorney fees if the trial court finds that an attorney violates CR 11. Denton's repeated attempts to file her motions for reconsideration beyond the deadline were not well grounded in fact and were not based on existing law or a good-faith argument to extend existing law. Because Denton's filings were untimely and her arguments were not based in good faith in law or fact, attorney fees were properly imposed and CR 11 sanctions were warranted.

We hold that the trial court did not abuse its discretion by imposing CR 11 sanctions.

## II.  APPELLATE ATTORNEY FEES AND COSTS

Gerald argues that he is entitled to an award of reasonable appellate attorney fees and costs because this appeal is frivolous. We agree and grant Gerald's request for an award of reasonable appellate fees and costs.

RAP 18.1(a) authorizes a party to recover reasonable attorney fees and costs so long as the party "request[s] the fees or expenses." The party must do so in a separate section of his or her opening brief. RAP 18.1(b). We may, on our own initiative or on motion of a party, order a party who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed." RAP 18.9(a). "Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party." *Yurtis v. Phipps*, 143 Wn. App. 680, 696,

181 P.3d 849 (2008). An appeal is frivolous where "it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Carrillo v. City of Ocean Shores*, 122 Wn. App. 592, 619, 94 P.3d 961 (2004). We consider the record as a whole to determine whether an appeal is frivolous. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 110, 74 P.3d 692 (2003). The fact that an appeal is ultimately unsuccessful is not dispositive of whether it is frivolous, and we resolve doubts in favor of the appellant. *Tomsovic*, 118 Wn. App. at 110.

This appeal is entirely devoid of merit. The trial court did not abuse its discretion by imposing CR 11 sanctions because CR 59 and case law are clear that the court does not have the authority to extend the ten-day deadline. *Schaefco*, 121 Wn.2d at 367-68. Lucenko told Denton that if she did not withdraw her four motions for reconsideration and the noted hearing, he would request CR 11 sanctions. This appeal presents no debatable issues, and there is no reasonable possibility of reversal. *Carrillo*, 122 Wn. App. at 619.

Because this appeal is devoid of merit and there is no reasonable possibility of reversal, we grant Gerald's request for an award of reasonable attorney fees and costs on appeal.

## CONCLUSION

We affirm the trial court's order imposing CR 11 sanctions and grant Gerald's request for reasonable attorney fees and costs on appeal.

7

No. 54178-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

, C.J.

LEE, C.J.

WORSWICK, J.