## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRIAN KEITH TRUDEAU, | No. 54327-3-II |
| Appellant, | |
| v. | |
| NHUY NGUYEN SOPHIA TRAN, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Brian Trudeau and Nhuy Nguyen Sophia Tran have a child together but are no longer in a relationship. The trial court entered a final parenting plan. Trudeau filed an untimely motion for reconsideration of the parenting plan, which the court denied. Trudeau appealed the court's order denying his motion for reconsideration, but raises issues involving the parenting plan and other court decisions. Because the only issue properly before us is whether the trial court erred in denying Trudeau's motion for reconsideration and because we hold that the trial court did not err in denying Trudeau's motion, we affirm.

FACTS

Trudeau and Tran were in a relationship and in 2015 had a child, MT. The parties ended their relationship and Trudeau filed a petition for custody in 2018.

On October 24, 2019, the trial court entered a final parenting plan. The plan entailed a 55/45 residential schedule with MT residing with Tran 55 percent of the time and with Trudeau 45 percent of the time. The court found that MT's bond with Tran was slightly stronger than her bond

with Trudeau. The trial court apparently also entered a child support order the following week. No orders have been included in our record.[1]

On November 19, 2019, Trudeau filed a motion for reconsideration of the October 24, 2019 parenting plan. On November 22, the trial court denied the motion as untimely. On December 19, Trudeau appealed, seeking review solely of the November 22 order denying reconsideration.

ANALYSIS

Trudeau argues that the trial court erred by (1) not applying the preponderance of evidence standard to restrict Tran's time with MT, (2) not awarding attorney fees to Trudeau, (3) calculating the child support order, (4) not allowing certain witnesses to testify, (5) denying Trudeau's request for Tran to undertake a psychological evaluation, and (6) relying on the guardian ad litem's findings.[2] But these issues relate to orders not properly before us. The only issue properly before us is whether the trial court erred in denying Trudeau's November 19, 2019 motion for reconsideration as untimely.

We review orders on motions for reconsideration for an abuse of discretion. *Terhune v. N. Cascade Tr. Servs., Inc.*, 9 Wn. App. 2d 708, 727, 446 P.3d 683 (2019), *review denied*, 195 Wn.2d 1004 (2020). The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

CR 59(b) allows a party to move for reconsideration of a parenting plan, but the motion for reconsideration "shall be filed not later than 10 days after the entry of the . . . order." "A trial court

---

[1] RAP 9.6(b)(1)(D) requires a party seeking review to include in our record "any written order or ruling . . . of which a party seeks review."

[2] Trudeau does not provide us with citation to legal authority to support several of these arguments as required by RAP 10.3(a)(6). Also, contrary to RAP 10.3(a)(5), Trudeau fails to provide us with a statement of facts with citation to the record.

may not extend the time period for filing a motion for reconsideration." *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 367-68, 849 P.2d 1225 (1993). The purpose of time limits is to promote finality and prevent "'extended litigation [that] can be harmful to children.'" *In re Marriage of Chandola*, 180 Wn.2d 632, 658, 327 P.3d 644 (2014) (quoting *In re Parentage of Jannot*, 149 Wn.2d 123, 127, 65 P.3d 664 (2003)).

Here, the trial court entered the final parenting plan on October 24, 2019. On November 19, 2019, Trudeau filed a motion for reconsideration of the October 24 parenting plan. This motion was well over the 10-day limit. Accordingly, the trial court did not abuse its discretion in denying Trudeau's motion as untimely.[3]

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Cruser, J.

---

[3] In the last paragraph of the conclusion section of Trudeau's opening brief, he requests attorney fees and costs on appeal. A party requesting attorney fees and expenses must "devote a section of its opening brief to the request for the fees or expenses." RAP 18.1(b). Notwithstanding this oversight, we deny his request based on our disposition of this case.