# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Marriage of: | No. 83740-1-I |
| IDOWU TIMOTHY AGUDA | DIVISION ONE |
|           Respondent, | UNPUBLISHED OPINION |
|           v. | |
| OLUWATOYIN ADESHOLA AGUDA, | |
|           Appellant. | |

ANDRUS, C.J. — Oluwatoyin Aguda moved to vacate final orders entered in the dissolution action that she and her former husband, Idowu Aguda, voluntarily submitted to binding arbitration. When the trial court denied the order, concluding that Oluwatoyin[1] did not meet the standard for vacating an arbitration award under RCW 7.04A.230, Oluwatoyin did not appeal. Instead, she refiled her motion to vacate a month later, arguing the identical grounds to support her request for relief. The court again denied her motion, which she appeals. Because this appeal is untimely, we dismiss her appeal.

---

[1] We refer to the parties by their first names for clarity. We intend no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

## FACTS

Idowu and Oluwatoyin married on October 27, 2005 in Denmark.  On May 16, 2019, Idowu filed for divorced.  When the parties were unable to resolve their differences at mediation, they agreed to transfer the matter to binding arbitration.

The arbitrator heard testimony from both parties, which he considered in conjunction with their written submissions and exhibits.  On July 6, 2021, the arbitrator filed his decision.  The arbitrator awarded each party 50 percent of the community property, concluding that "the parties have a modest community estate and significant debts such that disputes about the percentage division of those assets has little practical impact on the financial circumstances of either party."  The arbitrator awarded Oluwatoyin the family home, provided she pay Idowu for his 50 percent interest.  Oluwatoyin argued that the arbitrator should value the home based on the couple's date of separation, rather than the date of arbitration.  The arbitrator rejected that argument, concluding there was no legal authority supporting the use of an assessment from the time the couple separated, rather than the current value of the property and found that "[t]he only credible evidence of the current value of the family home was the appraisal prepared by Ian Bilson which valued the home at $480,000."

Oluwatoyin also claimed that Idowu owned four parcels of property in Nigeria, a claim Idowu denied.  The arbitrator found that Idowu did have an interest in two pieces of Nigerian property.  The arbitrator further determined that, if Idowu had any interest in additional real property in Nigeria, the interests should be awarded to Oluwatoyin.

On July 12, 2021, Oluwatoyin e-mailed the arbitrator raising concerns about the decision. After the arbitrator informed the parties that he would treat Oluwatoyin's e-mail as a motion for reconsideration, Idowu submitted a response raising additional issues. Oluwatoyin submitted a reply in which she raised new objections to the home appraisal adopted by the arbitrator and requested that the arbitrator reconsider the value for the family home.

In a decision on reconsideration, the arbitrator declined to consider the new issues Oluwatoyin raised, noting

> This appraisal was offered by [Idowu] at the arbitration hearing and [Oluwatoyin] raised no objection to the admission of the appraisal at that time. The Bilson appraisal was the only appraisal offered at the time of the hearing regarding the current value of the family home. Nor was a market analysis or other source of current value offered other than the parties' own testimonial opinions about the home value. While an appraisal was offered by [Oluwatoyin] regarding what the value of the home was on January 5, 2018, the arbitrator declined to value the home as of that date. The arbitrator is not aware of any legal authority for using anything other than current values for community assets and [Oluwatoyin] offered none.

On September 17, 2021, Idowu moved to enforce the arbitration decision and enter final orders in the dissolution proceeding consistent with that decision. In response, on October 1, 2021, Oluwatoyin filed a motion to "modify the judgment," asking the court to reject the arbitrator's valuation of the family home. She argued that Idowu's "desktop" appraisal was deficient and alleged that Idowu "influenced the outcome of the value by instructing [the appraiser] to not go to the house for a physical inspection."

Shortly thereafter, on October 7, 2021, Oluwatoyin filed a motion to vacate the arbitration award, arguing that Idowu had obtained the award by fraudulently

hiding his assets, misrepresenting evidence, and falsifying evidence. In particular, she argued that Idowu had fraudulently concealed his interests in certain Nigerian property.

The trial court denied Oluwatoyin's motion. The court found that Oluwatoyin did not present sufficient evidence demonstrating that the arbitration award was obtained through fraud, corruption, or other undue means. The court noted that the arbitrator "heard all the evidence; he had made his decisions. It's not the role of this court to go back and undo all of that."

On October 28, 2021, the trial court entered final orders reflecting the arbitrator's final decision. Oluwatoyin did not appeal. Instead, on December 16, 2021, Oluwatoyin filed a second motion to vacate the court's October 28, 2021 orders, including its order denying her first motion to vacate "due to misrepresentation of information in obtaining the appraisal of the family home . . . and fraud discovered during the divorce proceeding with the community asset and business."

The court denied this motion, explaining that it had "previously addressed these issues and denied relief and no new material information has been provided. Further filings regarding these issues may result in sanctions." Oluwatoyin moved for reconsideration, which the court denied on February 16, 2022.

Oluwatoyin now appeals.

ANALYSIS

Oluwatoyin contends the trial court erred when it summarily denied her motion to vacate the arbitration award without considering the evidence she

presented.  Idowu argues that Oluwatoyin's appeal is untimely and should be dismissed.  We agree with Idowu.

A party must appeal a trial court decision within 30 days of that decision or the denial of a timely motion for reconsideration.  RAP 5.2(a), (e); *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 367, 849 P.2d 1225 (1993).

Here, the arbitrator filed his final ruling on August 4, 2021.  Oluwatoyin brought a motion to vacate on October 7, 2021, within the 90 day time limit set forth in RCW 7.04A.230.  The court denied that motion and entered final orders on October 28, 2021.  Oluwatoyin did not appeal the trial court's denial of her motion to vacate or the entry of final orders.

A month and a half later, on December 16, 2021, Oluwatoyin filed a second motion to vacate based on the same grounds raised in the first motion.  On January 28, 2022, the court denied this motion, noting that it had "previously addressed these issues and denied relief" and "no new material information has been provided."  On February 24, 2022, after unsuccessfully moving for reconsideration, Oluwatoyin appealed.  Oluwatoyin's appeal came 119 days after the trial court's denial of her first motion to vacate, well beyond the 30-day time limit to appeal.

Oluwatoyin argues that her appeal is timely because the first motion to vacate related to the arbitration decision whereas the second motion to vacate related to the trial court's final orders based on that decision.  She contends that she appeals only the trial court's January 28, 2022 order and that her appeal is timely as to that order.

This argument is unpersuasive. Both of her motions raised the identical issues and attacked the arbitrator's decisions. Oluwatoyin herself characterizes the December 16 motion as a "re-fil[ing]" of her prior motion. And all of the arguments she raises on appeal relate to the trial court's October 28, 2021 order confirming the arbitration decision, not its January 28, 2022 ruling denying her second motion to vacate.

*In the Matter of the Marriage of Orate*, 11 Wn. App. 2d 807, 455 P.3d 1158 (2020) is on point here. In that case, the trial court entered a final parenting plan as part of an agreed dissolution. *Id.* at 809. At the mother's request, the court later entered a final order allowing relocation and amending the parenting plan. *Id.* at 810. The father moved to vacate, arguing that the order was entered in violation of CR 60. *Id.* at 811. The trial court denied this motion to vacate. *Id.* Two months later, the father filed a second motion to vacate under CR 55. *Id.* A court commissioner denied the second motion, reasoning that the issue had already been decided. *Id.* The father sought revision of that decision and filed a notice of appeal when the trial court denied revision. *Id.*

On appeal, Division Three concluded that an appeal from the second motion was untimely and dismissed the appeal. The court noted that,

> [a]lthough the second motion relied on CR 55 rather than CR 60, Mr. Orate made the same argument—the order allowing relocation must be vacated because he was not given proper notice. This reargument is akin to an untimely motion for reconsideration. It did not extend his time to appeal the trial court's August 27, 2018 order denying revision.

*Id.* at 814. This case is analogous. Like in *Orate*, Oluwatoyin failed to appeal when the trial court denied her first motion to vacate. Instead, as in *Orate*, Oluwatoyin

filed a second motion to vacate, raising the same arguments as she raised in the first motion. Like in *Orate*, Oluwatoyin's second motion was akin to an untimely motion for reconsideration that did not extend her time to appeal the original denial of the motion to vacate.

Moreover, Oluwatoyin's December 16, 2021 motion to vacate was not timely under RCW 7.04A.230, which requires a motion to vacate an arbitration award to be made within 90 days of the award. If the motion is predicated upon the ground that the award was procured by corruption, fraud, or other undue means, as it was here, that motion must be filed within 90 days "after such a ground is known or by the exercise of reasonable care should have been known by the movant." RCW 7.04A.230(2). Here, the arbitrator filed its final arbitration award on August 04, 2021, more than 90 days before Oluwatoyin filed her December 16, 2021 motion. And Oluwatoyin cannot argue that these grounds had not been discovered at the time of the arbitration award because she made these arguments to the arbitrator on reconsideration, in July 2021.[2]

The remedy for an untimely appeal is dismissal of the appeal. *Schaefco*, 121 Wn.2d at 368. An appellate court will extend the time to file a notice of appeal only in extraordinary circumstances and to prevent a gross miscarriage of justice. RAP 18.8(b). Here, Oluwatoyin has not demonstrated that a dismissal of her appeal will cause a gross miscarriage of justice. Accordingly, we dismiss this appeal as untimely.

---

[2] In her reply, Oluwatoyin argues that she did not receive business registration information from the Nigerian government until September 2021. That information, however, relates to a business registered solely to Idowu's brother and she does not explain how this information is materially different from the information she presented at arbitration and on reconsideration.

Idowu asks this court to award him attorney fees on appeal, relying on RAP 18.1(a) and RCW 26.09.140. RAP 18.1 permits a party to request an award of reasonable attorney fees on appeal if a party is entitled to them under applicable law. Under RCW 26.09.140, this court may, "in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." In exercising that discretion, "we consider the arguable merit of the issues on appeal and the parties' financial resources." *In re Marriage of Raskob*, 183 Wn. App. 503, 520, 334 P.3d 30 (2014). We balance the needs of the requesting party against the other party's ability to pay. *In re Marriage of Trichak*, 72 Wn. App. 21, 26, 863 P.2d 585 (1993). We deny Idowu's request for attorney fees under the statute because he has not demonstrated his need or Oluwatoyin's ability to pay.

Idowu also asks the court to award attorney fees on the basis that the appeal is frivolous under RAP 18.9. We may grant an award of attorney fees to a prevailing respondent in a frivolous appeal. *Mahoney v. Shinpoch*, 107 Wn.2d 679, 691, 732 P.2d 510 (1987); RAP 18.9(a). When an appeal presents no debatable issues upon which reasonable minds could differ, and lack merit such that no reasonable possibility of reversal exists, it is frivolous. *Id*. "The record should be examined as a whole, and doubts should be resolved in favor of the appellant." Id. at 691-92. "An appeal that is affirmed simply because the arguments are rejected is not frivolous." *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013). While we deem this appeal untimely, we

cannot say the appeal was frivolous.  We therefore deny Idowu's request for attorney fees under RAP 18.9.

 Affirmed.

Andrus, C.J.

WE CONCUR:

Dwyer, J.