**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Guardianship/Conservatorship of | No. 88067-5-I |
| JOSEPH P. TYMCZYSZYN. | DIVISION ONE |
| | UNPUBLISHED OPINION |
| JOYCE M. TYMCZYSZYN, | |
| Appellant, | |
| v. | |
| JOSEPH P. TYMCZYSZYN, | |
| Respondent. | |

MANN, J. — Joyce Tymczyszyn appeals the trial court's denial of her petition to have a guardian appointed for her ex-husband Joseph Tymczyszyn. Because Joyce[1] did not file her notice of appeal within 30 days of the trial court's order, we dismiss her appeal as untimely.

I

Joyce and Joseph divorced in 1989. Over 30 years later, in September 2021, Joyce unsuccessfully moved to vacate the final order that dissolved the marriage. We

---

[1] Because the parties share the same last name, we refer to them by their first name for clarity. We intend no disrespect.

affirmed the trial court's dismissal in an unpublished decision. See Tymczyszyn v. Tymczyszyn, No. 87324-5-I, slip op. at 7 (Wash. Ct. App. Jan. 12, 2026) (unpublished) https://www.courts.wa.gov/opinions/pdf/873245.pdf.

In December 2024, Joyce filed an emergency petition for guardianship and/or conservatorship for Joseph. She requested that she be appointed as Joseph's guardian. On February 12, 2025, the trial court dismissed the petition and admonished Joyce for bringing forth the case. The court found that Joseph had no lack of capacity and that the petition was frivolous and brought in bad faith.

On April 7, 2025, over 30 days after the entry of the trial court's order denying the petition, Joyce filed her notice of appeal.[2]

II

To be timely, a notice of appeal must be filed within 30 days of a trial court's final decision. RAP 5.2(a); Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wn.2d 366, 367, 849 P.2d 1225 (1993). RAP 18.8(b) permits an appellate court to extend the time for a party to file a notice of appeal only "in extraordinary circumstances and to prevent a gross miscarriage of justice." "RAP 18.8[(b)] expressly requires a narrow application." Beckman v. Dep't of Soc. & Health Servs., 102 Wn. App. 687, 693, 11 P.3d 313 (2000).

Here, Joyce did not file her notice of appeal until over 30 days after the trial court's denial of her guardianship petition. We hold pro se litigants to the same standard as attorneys. In re Est. of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23

---

[2] Joyce's notice of appeal is dated Saturday, March 15, 2025, but it was not filed in King County Superior Court until April 7, 2025.

(2019). For these reasons, and because Joyce does not demonstrate an "extraordinary circumstance" where we must "prevent a gross miscarriage of justice" warranting review, we decline to consider the merits of her appeal. RAP 18.8(b), (a).

We dismiss the appeal as untimely under RAP 5.2(a).[3]

_____Mann, J._____

WE CONCUR:

_____, ACJ          _____, J.

---

[3] Both parties request attorney fees on appeal. We decline to award fees to either party.